IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER 1997 SESSION



**FILED**

**September 19, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 02-C-01-9610-CR-00368 |
| APPELLEE, | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Leonard T. Lafferty, Judge |
| JAMES DUMAS, | ) | |
| | ) | (Sentencing) |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Edwin C. Lenow
Attorney at Law
100 North Main Building
Suite 2325
Memphis, TN  38103

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN  37243-0497

Deborah A. Tullis
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN  38103

Kenneth R. Roach
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN  38103

OPINION FILED: _____

AFFIRMED

Joe B. Jones, Presiding Judge

**O P I N I O N**

The appellant, James Dumas (defendant), was convicted of first degree murder by a jury of his peers. This Court was of the opinion the conviction for first degree murder should be reduced to second degree murder, a Class A felony, and this case was remanded to the trial court for a sentencing hearing. State v. James Dumas, Shelby County No. 02-C-01-9502-CR-00031 (Tenn. Crim. App., Jackson, October 4, 1995). On remand the trial court found that the defendant was a standard offender and imposed a Range I sentencing consisting of confinement for twenty-five (25) years in the Department of Correction. In this Court, the defendant contends the sentence imposed by the trial court is excessive because the trial court erroneously applied certain enhancement factors to increase the length of the sentence within the appropriate range. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this Court that the judgment of the trial court should be affirmed.

The defendant was described as a trafficker in illicit narcotics. In this Court's initial opinion, a panel of this Court stated the victim "was shot and killed by the [defendant] in what may be called 'a drug deal gone bad.'" The defendant shot the victim while the victim sat in his motor vehicle.

The trial court found three enhancement factors. The factors included (a) the defendant had a history of criminal behavior, Tenn. Code Ann. § 40-35-114(1), (b) he employed a firearm during the commission of the murder, Tenn. Code Ann. § 40-35-114(9), and (c) the defendant had no hesitation about committing a crime when the risk to human life was high. Tenn. Code Ann. § 40-35-114(10). The court found the record did not support any mitigating factors.

The defendant argues the trial court erred in finding that he had engaged in criminal behavior based upon the presentence report. He asserts the presentence report reflects he was arrested on several occasions, but the report does not establish the disposition of any of the arrests. The record reflects the juvenile court records pertaining to the defendant's criminal conduct were marked as an exhibit during the sentencing hearing. These records reveal the defendant was convicted of shoplifting, theft under $500, and

2

assaulting a police officer.

The juvenile record of an accused can be considered by a trial court when determining whether the state has established Tenn. Code Ann. § 40-35-114(1). See State v. Adams, 864 S.W.2d 31, 34 (Tenn. 1993); State v. Crowe, 914 S.W.2d 933, 939 (Tenn. Crim. App. 1995), per. app. denied (Tenn. 1996); State v. Stockton, 733 S.W.2d 111, 112-13 (Tenn. Crim. App. 1986), per. app. denied (Tenn. 1987). Thus, the trial court properly considered the juvenile record of the defendant when finding the defendant had a history of criminal behavior.

The evidence introduced during the trial established that the defendant engaged in the sale of illicit narcotics in the neighborhood where the murder occurred. While the defendant has not been convicted of a drug offense, this evidence constituted criminal behavior within the meaning of Tenn. Code Ann. § 40-35-114(1). See State v. Keel, 882 S.W.2d 410, 419 (Tenn. Crim. App.), per. app. denied (Tenn. 1994). Although the trial court did not consider this evidence to support its finding of criminal behavior, this Court may consider it in determining whether the trial court properly concluded enhancement factor one had been established. Adams, 864 S.W.2d at 34; State v. Pearson, 858 S.W.2d 879, 885 (Tenn. 1993). This Court concludes the trial court properly applied this enhancement factor to enhance the defendant's sentence within the proper range.

It has long been established that the employment of a firearm to commit the offense of murder in the second degree may be used to enhance a defendant's sentence within the appropriate range. Tenn. Code Ann. § 40-35-114(9). See State v. Butler, 900 S.W.2d 305, 312-13 (Tenn. Crim. App. 1994); State v. Raines, 882 S.W.2d 376, 385 (Tenn. Crim. App.), per. app. denied (Tenn. 1994); State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992), per. app. denied (Tenn. 1993). The use of a firearm does not constitute an element of the offense of second degree murder. Thus, the trial court properly considered this enhancement factor to enhance the defendant's sentence within the appropriate range.

The trial court properly used Tenn. Code Ann. § 40-35-114(10) to enhance the defendant's sentence within the appropriate range. This crime occurred in a residential neighborhood. The trial evidence established there were at least two people who were outside when the shooting occurred. This evidence established this factor. See State v.

3

Ruane, 912 S.W.2d 766, 784 (Tenn. Crim. App. 1995); State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App.), per. app. denied (Tenn. 1995); State v. Makoka, 885 S.W.2d 366, 373 (Tenn. Crim. App.), per. app. denied (Tenn. 1994).

The weight to be given enhancement factors rests within the sound discretion of the trial court. Shelton, 854 S.W.2d at 123. This Court is of the opinion the trial court did not abuse its discretion when determining the length of the sentence in this case.

In conclusion, the defendant failed to overcome the presumption of correctness afforded the trial court's findings of fact regarding sentencing issues. Tenn. Code Ann. § 40-35-401(d). There are no errors of law contained in the record.


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JOE G. RILEY, JUDGE

4