**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**FEBRUARY, 1997 SESSION**

**FILED**

September 19, 1997

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9603-CR-00122 |
| | ) | |
| vs. | ) | Davidson County |
| | ) | |
| **TERRY ANTONIO LAWRENCE**, | ) | Honorable J. Randall Wyatt, Jr. |
| | ) | Judge |
| Appellant. | ) | |
| | ) | (Attempted First Degree Murder) |


FOR THE APPELLANT:

MS. THERESA W. DOYLE
Attorney At Law
211 Printer's Alley Building, Suite 400
Nashville, TN 37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

PETER COUGHLAN
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

VICTOR S. JOHNSON, III
District Attorney General

PAUL DeWITT
Asst. District Attorney General
Washington Square, Suite 500
222 Second Avenue, North
Nashville, TN 37201-1649


OPINION FILED: _____


**AFFIRMED**


CURWOOD WITT, JUDGE

**OPINION**

The defendant, Terry Antonio Lawrence, appeals from the sentence imposed by the Criminal Court of Davidson County. He was indicted on one count of attempt to commit premeditated first degree murder and one count of especially aggravated robbery. Pursuant to a plea agreement, he pleaded guilty to the count of attempt to commit first degree murder, a Class A felony, and the robbery count was dismissed. After the hearing, the trial court sentenced the defendant as a Range I offender to twenty-five years to serve in the Department of Correction. He asserts the misapplication of enhancement and mitigating factors in sentencing him to the maximum sentence within the range. Upon a thorough review of the record before the court,[1] we affirm.

---

[1]Initially, the defendant filed a Notice of Appeal in Davidson County Criminal Court case number 95-A-723, a theft case in which this defendant pleaded guilty on January 25, 1996, although the Notice referenced "the final judgment entered in this cause on the 24th day of October, 1995." The case now before the court, wherein the final judgment was entered on October 24, 1995, was case number 95-A-719 in the trial court. The trial court clerk, signaled by the 723 docket number, certified and filed with this court a technical record from no. 723, although counsel for the defendant obtained and filed a transcript of the sentencing hearing in the case sub judice, no. 719. Apparently counsel did not examine the record filed by the trial court clerk, and upon our review of the case, we discovered the error and advised counsel. Counsel responded with a motion to supplement the record but failed to take steps to amend the Notice of Appeal, originally styled in case no. 723, to show the desired case from the trial court. We denied the request, recognizing this court had no appellate jurisdiction over case no. 719 and declining to supplement the appellate record of the case that was appealed with records from another case that was not appealed.

However, after affording counsel some time in which to assess the vulnerability of the pending appeal in case no. 723, and realizing that no further motion was forthcoming, we entered an order on July 16, 1997, whereby we assumed from the circumstances that the "defendant intended to appeal case no. 95-A-719 from below and did not intend to appeal case no. 95-A-723" (emphasis added) and caused the caption of the Notice of Appeal to be accordingly amended. By this order, the existing appellate record was supplemented by the technical record in no. 719.

We recite the history of this appeal in order to encourage counsel who appear in this court to be aware of the appellate records that are filed and to be responsible in initiating corrective action when needed.

The facts of the crime are uncontroverted. According to the testimony of the victim, Jack Rainey, and the defendant as presented to the trial court in the sentencing hearing, Mr. Rainey was in the process of caretaking at a Nashville apartment complex on April 8, 1994, when, in the midafternoon, three young men accosted him on the outside of the building. One of them, the defendant, pulled a pistol, and another of the group demanded Mr. Rainey's wallet. Mr. Rainey complied immediately and testified that "when I did that, that's when [the defendant] took a step and shot me right then." Mr. Rainey, married and the father of two children, was unarmed at the time of the incident and offered no resistance whatsoever. He did not know his assailants, a fact confirmed by the testimony of the defendant who acknowledged that he did not know the victim and had no particular reason for selecting Mr. Rainey as a victim. Mr. Rainey was shot in the mouth. The bullet destroyed some teeth, traveled through his tongue, and became lodged in his neck near his spine. The bullet was surgically removed, but Mr. Rainey testified that he underwent a lot of "tooth work" and that, due to neurological damage, half of his tongue remains numb.

The defendant's mother testified that she was thirteen when the defendant was born. As a child, the defendant alternated living with his mother and his father, but his father died of heart failure in the defendant's presence when the defendant was fifteen. The defendant expressed remorse for shooting Mr. Rainey and testified he felt deserted when his father died. He was sixteen at the time of the offense, and he testified that the other two assailants were seventeen and nineteen. He stated that he shot the victim because he was scared.

The trial court expressed shock and outrage concerning the nature and circumstances of the offense. The trial judge recited certain passages from the presentence report, but the report itself was not included in the record on appeal. He found the presence of one mitigating factor, that due to the defendant's youth he lacked substantial judgment in committing the offense, Tenn. Code Ann. § 40-

3

35-113(6) (1990), but the trial court found that this mitigating factor was greatly outweighed by the applicable enhancement factors listed under Tennessee Code Annotated section 40-35-114: factor (1), the defendant had a previous history of criminal behavior in addition to that necessary to establish the appropriate range; factor (2), the defendant was a leader in the commission of the offense involving two or more actors; factor (5), the defendant treated the victim with exceptional cruelty; and factor (9), the defendant employed a firearm during the commission of the offense. Tenn. Code Ann. § 40-35-114 (Supp. 1996).[2]

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. §40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." Id. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely de novo. Id. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

---

[2]At the sentencing hearing, the state argued for the application of enhancement factors (1), (2), (6), (9), and (10). The state did not argue for the application of factor (5), that the defendant treated the victim with exceptional cruelty. In announcing his ruling, the trial judge referred to the crime as being a "very cruel act under the enhancement factors." The trial judge specifically mentioned factors (1), (2), and (9), but not (6), that particularly great injuries were inflicted upon the victim. However, after stating that he was not applying factor (10), he stated that he was "going to go with the first three or four that were mentioned, prior criminal behavior, leader, cruelty, firearm." Factor (6) was one of the "three or four" that were mentioned by the district attorney, and it is, therefore, unclear if the trial court meant to include factor (6).

In making its sentencing determination, the trial court, at the "conclusion of the sentencing hearing," determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternative; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §40-35-210(a), (b) (Supp. 1996); Tenn. Code Ann. §40-35-103(5)(1990); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

In the absence of enhancement and mitigating factors, the presumptive length of sentence of a Class A felony committed before July 1, 1995, is the minimum in the statutory range. Tenn. Code Ann. §40-35-210(c) (1990) (amended, Acts 1995, Ch. 493, § 1). The weight afforded an enhancement or mitigating factor is left to the discretion of the trial court so long as the trial court complies with the purposes and principles of the Tennessee Criminal Sentencing Reform Act of 1989 and its findings are supported by the record. State v. Hayes, 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995), perm. app. denied (Tenn. 1995).

The record reflects that the trial court considered and applied the applicable sentencing principles and made findings of fact which are stated in the record. Also, the findings are supported in the record. Accordingly, the trial court's judgment is accompanied by the presumption of correctness.

In finding that enhancement factor (1) applies, the trial court was justified in relying upon a theft which the defendant committed on August 20, 1994, several weeks after the assault upon Mr. Rainey. The sentencing hearing in the case now before us was held on October 24, 1995. "[T]rial judges can consider

5

criminal convictions or any other criminal behavior which occurred prior to the sentencing hearing as constituting a previous history of criminal convictions or criminal behavior, regardless of whether the convictions or behavior occurred before or after the criminal conduct under consideration." State v. Chad Douglas Poole, No. 02C01-9506-CC-00178, slip op. at 5-6 (Tenn. Crim. App., Jackson, January 31, 1996), aff'd (decided on unrelated grounds), State v. Poole, 945 S.W.2d 93 (Tenn. 1997). See also State v. Ed Waters, No. 01C01-9106-CR-00158 (Tenn. Crim. App., Nashville, February 20, 1992). The defendant's criminal behavior, even though (and perhaps especially because) it occurred after the attack on Mr. Rainey, justifies the application of factor (1).

Furthermore, the trial court recited information about other criminal acts committed by the defendant before April 8, 1994, referring to thefts mentioned in the presentence report. Although the defendant in his brief challenges the use of this information on the basis that the referenced charges were dismissed, the record in this case does not include the presentence report. We cannot review the report in order to assess the accuracy or validity of the defendant's challenge to the use of these earlier instances of criminal behavior. It is the appellant's duty to ensure that the record on appeal contains all of the evidence relevant to those issues which are the bases of appeal. Tenn. R. App. P. 24(b); State v. Banes, 874 S.W.2 73, 82 (Tenn. Crim. App. 1993); State v. Deborah Gladish, No. 02C01-9404-CC-00070 (Tenn. Crim. App., Jackson, November 21, 1995), perm. app. denied (May 6, 1996). In the absence of such a record, the affected issues are waived. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." Id.

Accordingly, the trial court properly applied factor (1).

The lower court also properly applied factor (2). Although the

6

defendant asserts that, because he was the younger of the group of assailants and that the others encouraged him to commit the robbery, the trial court was not justified in finding that he was a leader in the commission of the offense. The state correctly points out that Tennessee Code Annotated section 40-35-114(2) requires only that the defendant be a leader, not that he be the leader. The record reflects that the defendant assumed a leading role in the crime in that he held and used the firearm. The trial court could have reasonably concluded from the defendant's testimony that he selected the victim, and furthermore, the trial judge summarized the presentence report passage that describes the defendant's actions in dividing among his companions the money taken from the victim's wallet. There is ample proof that the defendant was a leader in the commission of this offense.

Factor (5) was properly applied. The unarmed victim offered no resistance to the robbers. He handed over his wallet compliantly, hoping, no doubt, to survive the robbery and to return to his wife and two children. However, the defendant's response to the victim's compliance was to shoot him at close range in the face. The trial court was correct in finding this to be an act of exceptional cruelty.

Factor (6), if not applied, should have been.[3] The injuries inflicted upon Mr. Rainey were particularly great. The testimony reflects that Mr. Rainey is "lucky to be alive." The injuries were grievous and, as of the time of the sentencing hearing a year and a half after the assault, the injuries were disabling. Upon our de novo review we may consider any enhancement (or mitigating) factors supported by the record even if such factors were not relied upon by the trial court. State v. Adams, 864 S.W.2d 31, 34 (Tenn. 1993). Accordingly, enhancement factor (6) applies.

Factor (9) was properly applied. The defendant employed a firearm.

---

[3]See ftn. 2, supra.

The use of a firearm is not an element of the offense of attempt to commit premeditated first degree murder. Tenn. Code Ann. § 39-12-101 (1991); § 39-13-202(a) (Supp. 1996). This factor justifiably enhances the sentence.

Finally, we examine the defendant's assertion that the trial court failed to consider the defendant's background information in mitigation of the sentence and that the trial court was improperly motivated by a desire for deterrence. The defendant offered very little proof that could be considered mitigating. The death of his father was certainly a significant event in this young man's life, but we observe that many young people experience the loss of one or both parents without committing an unprovoked, barbaric act of gunning down an innocent, unarmed person. The trial court was willing to and did consider the youthful age and inadequate judgment of the defendant when it applied the statutory mitigating factor (1). Furthermore, any additional mitigating effect that could have resulted from considering the demonstrated biographical facts is clearly outweighed by the enhancement factors.

Also, the trial court's expression of shock or outrage does not equate to an unprincipled subservience to deterrence when, as in this case, the trial court clearly followed the mandates and principles of the sentencing law and made a decision that is supported in the record. If a defendant's actions are particularly reprehensible, then surely society should not be denied the opportunity to tell him so. Perhaps the only mechanism by which that may be done is through the sentencing trial judge, who mirrors society's concern for peace and order and who, in case, addressed the offender and remonstrated against his conduct. Since the trial judge proceeded properly and fairly under the sentencing law, we find no cause for criticizing him in his expression of consternation.

The issues raised by the defendant are meritless, and the judgment of the trial court is affirmed in all respects.

_____
CURWOOD WITT, JUDGE

CONCUR:


_____
GARY R. WADE, JUDGE


_____
DAVID G. HAYES, JUDGE

9