STATE of Tennessee, Plaintiff–Appellant,

v.

Brian Kelly ADAMS, Defendant–Appellee.

Supreme Court of Tennessee,
at Nashville.

July 26, 1993.

As Modified on Petition for
Rehearing Oct. 18, 1993.

Charles W. Burson, Atty. Gen. and Reporter, Clinton J. Morgan, Sp. Asst. Atty. Gen., Nashville, for plaintiff-appellant.

Defendant-appellee, pro se.

## OPINION

DROWOTA, Justice.

The Defendant, Brian Kelly Adams, was indicted in May, 1990, on fourteen counts of aggravated sexual battery, aggravated rape, and attempts to commit aggravated sexual battery and aggravated rape. The victims were all three young boys, ages four, five, and twelve. The Defendant pleaded guilty to four counts of attempted aggravated sexual battery and four counts of attempted aggravated rape. The trial court imposed a sentence of twelve years for each attempted aggravated rape conviction and six years for each attempted aggravated sexual battery conviction. The six year sentences were to run concurrently with one another, as were the twelve year sentences. The total sentence amounted to an effective eighteen year

term of imprisonment because the six year sentences were consecutive to the twelve year sentences.

The Court of Criminal Appeals affirmed the convictions but reduced the total sentence from eighteen years to eleven years (the statutory minimum) on the basis that there were no applicable enhancement factors as set forth in T.C.A. § 40–35–114. We granted the State's Rule 11 Application to decide whether various statutory enhancement factors contained in T.C.A. § 40–35–114 are applicable to this case.[1]

### I.

The record reveals that the Defendant sexually abused three young boys. The two youngest children (ages four and five) were sons of the Defendant's live-in girlfriend. The Defendant admitted to fondling the boys and forcing them to engage in oral and anal intercourse. The Defendant once inserted the handle of a hairbrush into the rectum of the 4–year–old. He offered the oldest child (age 12) money for sex and displayed an "identification badge" he had made claiming that he was a probation officer.

The Defendant, age 20 at the time of his sentencing hearing, was an abuser of alcohol and drugs. When the Defendant was a juvenile, he committed sexual battery on an 11–year–old girl, aggravated sexual battery on another individual, plus various assault and property offenses. Extensive counseling designed to combat his criminal tendencies has proved fruitless. The pre-sentence psychological evaluation recommended long term institutionalization, noting that the Defendant was at "high risk to reoffend" and the prognosis for improvement was poor. According to the report, the Defendant "has an extensive psychiatric history involving numerous hospitalizations for depression, suicidal attempts, assaultive behavior, sexual acting out, and substance abuse."

Against this backdrop, the trial judge sentenced the Defendant to an effective term of eighteen years imprisonment for the eight

---

1. The Defendant also filed a Rule 11 Application, asserting that he was entitled to probation. The application was dismissed as untimely. The Court of Criminal Appeals held that the Defendant was not a suitable candidate for probation and we agree with that finding.

crimes involving attempted aggravated sexual battery and attempted aggravated rape. The Defendant had entered guilty pleas to each of these crimes.

## II.

According to T.C.A. § 40–35–210(c), a defendant must be sentenced to the minimum allowable sentence if there are no enhancement factors. If there are enhancement factors but no mitigating factors, "the court may set the sentence above the minimum...." T.C.A. § 40–35–210(d).

The enhancement factors relied upon by the trial court in the case at bar included T.C.A. § 40–35–114(4) ("victim of the offense was particularly vulnerable because of age or physical or mental disability") and T.C.A. § 40–35–114(7) ("[t]he offense ... was committed to gratify the defendant's desire for pleasure or excitement").[2] The trial court did not find any mitigating factors.

The Court of Criminal Appeals reduced the Defendant's sentence to the minimum of eleven years because the "particularly vulnerable" enhancement factor in T.C.A. § 40–35–114(4) did not apply. The court stated:

[T]he age of the child was an essential element in making this a case of aggravated rape, which is an enhancement factor of the crime of rape and cannot be used to further enhance the punishment. (Citations omitted).

Nor is the [gratification factor] applicable, since this factor is present in any crime of this nature and cannot, without more, be used for enhancement purposes. (Citations omitted).

Although the trial court found no mitigating factors, one applies: "[t]he defendant, because of his youth ..., lacked substantial judgment in committing the offense." [T.C.A. § 40–35–113(6) ].

Stripped of the three inapplicable enhancement factors, we find ourselves at the presumptive minimum sentence—eight years for each attempted aggravated rape and three years for each attempted aggravated sexual battery. We modify the sentences accordingly.

Thus, in modifying the sentence imposed by the trial court, the intermediate court found the existence of one mitigating factor and no enhancing factors.

## III.

■ The State first contends that the lack of "substantial judgment" mitigating factor contained in T.C.A. § 40–35–113(6) is inapplicable to this case. T.C.A. § 40–35–113(6) specifies as a mitigating factor that a defendant, because of his youth or old age, lacked "substantial judgment in committing the offense." In determining whether this factor is to be applied, courts should consider the concept of youth in context, i.e., the defendant's age, education, maturity, experience, mental capacity or development, and any other pertinent circumstance tending to demonstrate the defendant's ability or inability to appreciate the nature of his conduct. In any event, the Court of Criminal Appeals declared that this factor applied in this case because of the Defendant's youth (age 20). The trial court found no such mitigating factor. We are persuaded that there is no evidence in the record to support the consideration of this mitigating factor. The Defendant is a 20–year–old man. He was living with the mother of the two youngest victims at the time the crimes were committed. He impersonated a law enforcement officer and offered money in exchange for sex in his efforts to sexually abuse the 12–year–old. The application of the mitigating factor of youth to this Defendant, who was an adult under Tennessee law when these crimes were committed, is not warranted. Thus, there are no applicable mitigating factors in this case.

■ The State next argues that the Court of Criminal Appeals erred, in conducting its de novo review of the record, by not finding the existence of enhancements found

2. The trial court also relied upon T.C.A. § 40–35–114(3) ("[t]he offense involved more than one (1) victim"). The Court of Criminal Appeals found that this enhancement factor was not applicable because the conduct as to each victim was separately charged. See State v. Lambert, 741 S.W.2d 127, 134 (Tenn.Crim.App.1987). The State does not raise this finding as an issue and thus we need not discuss it.

in T.C.A. § 40–35–114(1) (previous history of criminal convictions or criminal behavior) and T.C.A. § 40–35–114(15) (the defendant abused a position of public or private trust). Although these two enhancement factors were not relied upon by the trial court, the Court of Criminal Appeals, in conducting its *de novo* review, is authorized to consider any enhancement (or mitigating) factors supported by the record. *State v. Pearson*, 858 S.W.2d 879 (Tenn.1993) (affirmed intermediate court's application of an enhancement factor not relied upon by the trial court);[3] *State v. Scott*, 735 S.W.2d 825, 829–30 (Tenn. Crim.App.1987). Determining whether the record contains other enhancement factors supportive of the sentence imposed by the trial court is particularly important when, as in the present case, the intermediate court rejects all enhancement factors relied upon by the trial court. In any event, we find that the Defendant's juvenile record is a sufficient basis for sentence enhancement under T.C.A. § 40–35–114(1). *State v. Stockton*, 733 S.W.2d 111, 112–13 (Tenn.Crim.App.1986). The court in *Stockton* observed:

> There is strong precedent among other jurisdictions for the position taken by our court that a juvenile record of criminal conduct may properly be considered in assessing a suitable sentence upon a felony conviction by an adult.
>
> The only logical reason for including a juvenile record in a pre-sentence investigation report would be for the purpose of mitigation or enlargement of a subsequent sentence for a conviction of a felony. An adult felon has no right to the protection afforded a juvenile prior to his obtaining an age where he must face the full societal responsibilities of adulthood. It would serve neither the interest of society, nor protect the public from further criminal conduct by the defendant, to wipe the slate clean and deny the sentencing authority the benefit of a defendant's past history of

criminal activity, in assessing his sentence, simply because some part of that history occurred during his juvenile years.

*Stockton*, 733 S.W.2d at 112–13.

As noted earlier, the Defendant, while a juvenile, was found to have committed sexual battery, aggravated sexual battery, plus assault and property offenses dating back to 1984. This previous history of criminal conduct may be taken into account in fashioning an appropriate sentence. We are further persuaded that the Defendant's status of live-in boyfriend of the mother of the two youngest victims is a sufficient basis for sentence enhancement under T.C.A. § 40–35–114(15), abuse of a position of private trust. The rapes of the two youngest victims occurred while the Defendant was living with them and their mother.

## IV.

The more difficult question in this case involves the enhancements under T.C.A. § 40–35–114(4), a victim who was "particularly vulnerable," and T.C.A. § 40–35–114(7), the offense was committed to "gratify the defendant's desire for pleasure or excitement." The Court of Criminal Appeals held that the gratification factor was inapplicable because pleasure or excitement would be present in any crime of this nature and that the vulnerability enhancement could not be used because the age of the child is an essential element in any aggravated rape case. T.C.A. § 40–35–114 provides that enhancements can be considered if they are not themselves essential elements of the offense.[4] As explained below, we disagree with the approach taken by the intermediate court with regard to the "gratification" and "vulnerability" enhancements.

 As far as the gratification factor is concerned, we reject the proposition that, as a matter of law, every rape is implicitly

---

3. "We suggest, however, that better practice dictates the routine utilization of Tenn.Code Ann. § 40–35–202(b) by the trial court. Its use would aid in ensuring that all enhancing and mitigating factors are before the court at the time of sentencing and would avoid circumstances where due process may require a remand." *Pearson*, 858 S.W.2d at 885.

4. T.C.A. § 40–35–114 provides that "[i]f appropriate for the offense, enhancement factors, if not themselves essential elements of the offense as charged in the indictment, may include...."

committed for the purpose of pleasure or excitement. This view overlooks the reality that some acts of rape are not committed for pleasure at all. Some crimes of this nature are simply acts of brutality resulting from hatred or the desire to seek revenge, control, intimidate, or are the product of a misguided desire to just abuse another human being. The desire for pleasure or excitement should not be inherently presumed from the act of rape. Pleasure or excitement is not an essential element of the offense and, therefore, may be considered as an appropriate enhancement. *See generally State v. Williams,* 768 S.W.2d 714 (Tenn.Crim.App.1988) (applied the gratification enhancement factor in affirming a sentence of forty-five years for the rape of an 8–year–old child); *State v. Hammons,* 737 S.W.2d 549 (Tenn.Crim.App. 1987) (gratification enhancement applied in adult rape case); *contra State v. Scott,* 735 S.W.2d 825 (Tenn.Crim.App.1987) (gratification enhancement could not be used in rape cases). We thus conclude that the Court of Criminal Appeals erred in finding that this enhancement factor could not be used, as a matter of law, in a rape case. We further find that the State in these types of cases has the burden of demonstrating that the rape was sexually motivated (done to gratify the Defendant's desire for pleasure or excitement), which was not done in this case. The State's failure to meet its burden, however, is harmless error given the presence of the other enhancement factors already discussed.

 The Court of Criminal Appeals likewise erred in holding that the "particularly vulnerable" enhancement factor contained in T.C.A. § 40–35–114(4) could not be used, as a matter of law, in an aggravated rape case involving a child. In *State v. Scott, supra,* it was held that this statutory enhancement factor could never be applied in

an aggravated rape case involving a victim under the age of thirteen due to the fact that the age of the child is an essential element of aggravated rape. *Id.* at 830. However, this enhancement factor has since been used in affirming a defendant's sentence of forty-five years for the aggravated rape of an 8–year–old. *State v. Williams, supra.* In other unreported cases, the Court of Criminal Appeals has taken the position that while an essential element of the crime of aggravated rape is that the victim be under the age of thirteen, this fact alone does not prohibit the use of the vulnerability enhancement factor. The reason is that the relevant inquiry is not simply whether the victim is under the age of thirteen, but instead whether the victim was *particularly vulnerable* because of age or physical or mental disability.

We are of the opinion that the vulnerability enhancement relates more to the natural physical and mental limitations of the victim than merely to the victim's age. We therefore conclude that T.C.A. § 40–35–114(4) can be considered as an enhancement factor in cases such as the one at bar. *See United States v. Price,* 812 F.2d 174, 177 (4th Cir. 1987); *Stewart v. State,* 531 N.E.2d 1146, 1150 (Ind.1988); *State v. Fisher,* 108 Wash.2d 419, 739 P.2d 683, 685–86 (1987); *State v. Ahearn,* 307 N.C. 584, 300 S.E.2d 689, 701 (1983).[5] The factor can be used in an aggravated rape case if the circumstances show that the victim, because of his age or physical or mental condition, was in fact "particularly vulnerable," i.e., incapable of resisting, summoning help, or testifying against the perpetrator. This is a factual issue to be resolved by the trier of fact on a case by case basis. The State bears the burden of proving the victim's limitations rendering him or her particularly vulnerable. However, the record in this case fails to show how the

---

**5.** *See generally, State v. Peat,* 790 S.W.2d 547, 551 (Tenn.Crim.App.1990) (inference of malice from the use of a deadly weapon in a second degree murder case does not prevent enhancement of sentence because of the use of a firearm in the commission of the offense); *State v. Witherspoon,* 769 S.W.2d 880, 884 (Tenn.Crim.App. 1988) (in assault with intent to commit murder case, the defendant is subject to an enhanced sentence because the victim received serious bodily injury, despite the fact that bodily injury is

an essential element of the offense); *State v. Reid,* 751 S.W.2d 172, 173–74 (Tenn.Crim.App.1988) (when prior traffic convictions have been used to prove the defendant an habitual offender, the same convictions can be used to classify him as a Range II persistent offender); *State v. Hammons,* 737 S.W.2d 549, 554 (Tenn.Crim.App.1987) (personal injury to an adult victim in an aggravated rape case does not prevent use of the serious bodily injury enhancement factor).

victims were particularly vulnerable. Given the existence of the other enhancement factors discussed previously, such failure is harmless error.

In view of the foregoing, we conclude that the record contains two statutory enhancement factors and no mitigating factors. Accordingly, the judgment of the Court of Criminal Appeals is reversed and that of the trial court reinstated. Costs are adjudged against the Defendant.

REID, C.J., DAUGHTREY and ANDERSON, JJ., and LEWIS, Special Justice, concur.