IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER SESSION, 1995

FILED

January 31, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9506-CC-00178 |
|---|---|---|
| Appellee, | ) | |
| | ) | |
| | ) | HARDEMAN COUNTY |
| VS. | ) | |
| | ) | HON. JON KERRY BLACKWOOD |
| CHAD DOUGLAS POOLE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

## CONCURRING OPINION

I agree with Judge Welles' analysis in the majority opinion.  State v. Adams, 864 S.W.2d 31 (Tenn. 1993) places the burden on the prosecution to show how a victim, because of his or her age, was "particularly vulnerable."  Id. at 35; Tenn. Code Ann. § 40-35-114(4) (Supp. 1995).  In Adams the youngest victim was four years old.  The victim in the case sub judice was seventy-one.

Adams applies and is the law in Tennessee.  But I think our Supreme Court should give lower courts guidance as to the boundaries outside of which the sentencing court can rely on common sense in determining vulnerability.  What if the victim is one year old?  Or what if (s)he is ninety-four years old?  Does the prosecution need to call a doctor to testify about particular vulnerability in those cases?  I submit this issue to our high court for instruction.

I concur with the majority.

_____
PAUL G. SUMMERS, Judge