IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1995 SESSION

FILED

January 31, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9506-CC-00178 |
| | ) | |
| Appellee | ) | HARDEMAN COUNTY |
| | ) | |
| V. | ) | HON. JON KERRY BLACKWOOD |
| | ) | JUDGE |
| CHAD DOUGLAS POOLE, | ) | |
| | ) | (Sentencing) |
| Appellant | ) | |

**CONCURRING OPINION**

Like Judge Summers, I fully agree with the conclusion and rationale expressed in the opinion written by Judge Welles. Based upon the record in this case and our Supreme Court's opinion in State v. Adams, 864 S.W.2d 31 (Tenn. 1993), the "particularly vulnerable" enhancement factor was not shown to be applicable in this case. In State v. Adams, Justice Drowota, writing for a unanimous Court, stated:

> The factor can be used . . . if the circumstances show that the victim, because of his age or physical or mental condition, was in fact "particularly vulnerable," i.e., incapable of resisting, summoning help, or testifying against the perpetrator.

State v. Adams, at 35.

As pointed out by Judge Summers, the youngest victim in Adams was four years old, but the Court found that the child's age, standing alone, was insufficient evidence of his being "particularly vulnerable."

In the present case, the victim was a seventy-one-year-old female and her assailant was assisted by the appellant, a twenty-one-year-old male. The elderly victim was attacked with a baseball bat by surprise when she entered her home and found the appellant and his co-defendant lying in wait for her.

Perhaps our Supreme Court will take this opportunity to furnish guidance for lower courts and the bar in properly applying State v. Adams in the future.

_____
WILLIAM M. BARKER, JUDGE

2