**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**NOVEMBER SESSION, 1995**

FILED

March 13, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9506-CC-00178** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **HARDEMAN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JON KERRY BLACKSOOD** |
| **CHAD DOUGLAS POOLE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

# OPINION ON PETITION TO REHEAR

The State of Tennessee has filed a petition to rehear requesting that this court reconsider our opinion on the grounds that we have misapprehended a material proposition of law. In our opinion, we held that for purposes of sentence enhancement, proof that the victim of the robbery was seventy-one years old was not "sufficient in and of itself to show particular vulnerability." We stated that the Tennessee Supreme Court has held that the vulnerability enhancement relates more to the natural physical and mental limitations of the victim than merely to the victim's age. We relied on State v. Adams, 864 S.W.2d 31 (Tenn. 1993).

In the petition to rehear, the State argues that our holding is based on an erroneous reading of Adams. The State argues that the holding in Adams concerning the vulnerability enhancement factor should be strictly limited in its application to a crime in which the age of the victim is an essential element of the crime.

In Adams, the Defendant had been convicted of aggravated rape. One of the elements which elevated the crime to aggravated rape was that the victim was less than thirteen years of age. The Supreme Court specifically held that although the victim being under the age of thirteen was an essential element of the aggravated rape, the trial judge was not precluded as a matter of law from enhancing the punishment based upon the victim being particularly vulnerable because of age, provided the State met its burden of proving the victim's limitations rendering him or her particularly vulnerable, "i.e., incapable of resisting, summoning help, or testifying against the perpetrator." Even though one of the victims in Adams was four years old, the Supreme Court held that proof of the age of the victim was not sufficient proof to show "particular vulnerability." 864 S.W.2d 31-35.

We have carefully considered the State's argument in its petition to rehear. We do not believe that Adams can be read as applying only to crimes in which the age of the victim is an element of the offense. The enhancement factor is not applicable if the victim is particularly young or particularly old. The enhancement factor applies when the victim of the offense was particularly vulnerable because of age or physical or mental disability. The State bears the burden of proving any enhancement factor upon which it relies to enhance a sentence. In the case sub judice, the victim was seventy-one years old. She may have been "particularly vulnerable" because of her age. We cannot conclude that every seventy-one-year-old person is "particularly vulnerable" because of age. In Adams, the Supreme Court held that proof that the victim of a sexual assault was four years old was not proof, in and of itself, of "particular vulnerability" because of age.

-2-

Most four-year-old children are more vulnerable because of age than are most seventy-one-year-old adults.

As emphasized by the concurring opinions filed herein, <u>Adams</u> appears to require the State to prove "particular vulnerability because of age," even if the proof shows that the victim is one year old or ninety-four years old. Although the concurring opinions suggest that trial judges should be able to use common sense in determining particular vulnerability of our state's most youthful citizens and our state's most elderly citizens, <u>Adams</u> does not seem to allow proof of age standing alone to ever satisfy the State's burden of proving particular vulnerability.

The State's petition to rehear is denied.

Per Curiam

Welles, Summers, Barker