IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1997 SESSION

FILED

November 14, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | C.C.A. No. 01C01-9609-CR-00388 |
| | ) | |
| Appellee, | ) | DAVIDSON COUNTY |
| | ) | |
| VS. | ) | **HON. THOMAS H. SHRIVER**, |
| | ) | **JUDGE** |
| | ) | |
| **ROBBIE JAMES**, | ) | |
| | ) | (Child Rape) |
| Appellant. | ) | |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**EDWARD J. GROSS**                    **JOHN KNOX WALKUP**
Parkway Towers, Ste. 1601             Attorney General and Reporter
Nashville, TN 37219

                                      **ELLEN H. POLLACK**
                                      Assistant Attorney General
                                      450 James Robertson Parkway
                                      Nashville, TN 37243-0493

                                      **VICTOR S. JOHNSON, III**
                                      District Attorney General

                                      **WILLIAM R. REED**
                                      Assistant District Attorney General
                                      Washington Sq., Ste. 500
                                      222-2nd Avenue, N.
                                      Nashville, TN 37201-1649

**OPINION FILED:** _____

**REVERSED AND REMANDED**

**JOE G. RILEY,**
**JUDGE**

## O P I N I O N

Having been found guilty of rape of a child by a Davidson County jury, defendant has filed this direct appeal. She was sentenced as a Standard Offender for this Class A felony to the minimum sentence of 15 years in the Department of Correction.[1] She presents the following issues for our review:

    (1) whether the evidence is sufficient to sustain the conviction;

    (2) whether her sentence constitutes cruel and unusual punishment as prohibited by the Eighth Amendment of the United States Constitution;

    (3) whether there was an abuse of prosecutorial discretion in seeking the conviction for child rape; and

    (4) whether she was denied the right to a speedy trial.

Although we find no merit to any of these issues, we find that the failure of the trial court to charge the offense of aggravated child abuse, under the unique circumstances of this case, was plain error. We, therefore, remand for a new trial.

## FACTS

Defendant and her husband were unable to have children and sought adoption. A two and three-year old brother and sister were placed in their home in December 1991, in contemplation of adoption. On October 22, 1992, a worker at the children's day care facility found blood on cleansing tissue used by the three-year old female. Upon further examination blood was discovered on the child's inner thighs. These findings were reported to the Department of Human Services which in turn contacted the Metropolitan Police Department. An investigation was begun.

When questioned as to how the child could have been injured, the defendant did not give definitive answers to either the day care worker or the interviewing detective. Defendant stated that the child had fallen a month earlier and had blood

---

[1]Pursuant to Tenn. Code Ann. § 39-13-523(b), an entire sentence for child rape must be served undiminished by any sentence reduction credits.

on her panties. She later conceded to the detective that she may have penetrated the child's vagina with her finger while disciplining her on that morning.

The child was evaluated at Our Kids Center which evaluates children suspected of being sexually abused. The examination revealed that the three-year old female had an "acute hymenal vaginal tear" with bruising and bleeding. The injury was caused by some type of penetration and would have been "painful" to the child at the time of its occurrence.

For reasons not apparent in the record, the defendant was not indicted until August 1994. In April 1995, defendant was evaluated by a clinical psychologist. The psychological records contained defendant's explanation as to the occurrence. Defendant stated that she was trying to dress the child on this particular morning, and the child was crying and uncooperative. The defendant explained that, without thinking, she tried to quieten the child by thrusting her middle finger into the child's vagina. Defendant's family history indicated she did not have a healthy model for parenting and disciplining.

At trial the defendant testified that on the morning in question the child continued to cry while the defendant was attempting to dress her. After the defendant spanked the child, the defendant was, in her own words, "totally out of control" when she "stuck [her] finger in [the child's] vagina." The defendant stated that she "was under a lot of stress, and I just lost it." Defendant related that she "couldn't think," and her actions were not intentional. She stressed that she was not attempting to harm the child in any way, and there was absolutely no sexual motive in her actions. Defendant conceded that the child "screamed out" in pain. The defendant testified that the incident was witnessed by the child's two-year old brother.

The jury was charged as to the indicted offense of child rape and the lesser offense of misdemeanor child abuse. Range of punishment was not charged since, as the trial judge explained to defense counsel, there was no request prior to jury selection. *See* Tenn. Code Ann. § 40-35-201(b)(1). During deliberations, the jury asked the court if it was permitted to reach a verdict of guilty on one of the charges and recommend consideration of mitigating circumstances for the sentence. The trial court advised the jury that their function was to determine guilt or innocence, and the court would determine the sentence. The trial court further advised the jury "that if you start dealing with that kind of an issue, you could get the case in a shape where . . . an appellate court might have to set your verdict aside because the sentence, under our system, is not the jury's function." The jury subsequently returned its verdict of guilty of child rape.

## SUFFICIENCY OF THE EVIDENCE

### A.

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. Id.; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L. Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

**B.**

Rape of a child is defined as the "unlawful sexual penetration of a victim by the defendant . . . , if such victim is less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-522(a). "Sexual penetration" is defined as "any . . . intrusion, however slight, of any part of a person's body or any object into the genital or anal openings of the victim's . . . body . . . ." Tenn. Code Ann. § 39-13-501(7).

**C.**

The defendant's own testimony indicated that she lost control and inserted her finger into the vagina of the child, thereby causing the child to scream out in pain. Therefore, there was clearly an intrusion into the genital opening of the victim's body so as to constitute "sexual penetration." Furthermore, the jury could certainly find that the intrusion was unlawful, and the child victim was under thirteen (13) years of age. The action of the defendant meets the criteria for rape of a child.

**D.**

Defendant contends that her actions were an exercise of discipline and, since there was no sexual intent, she could not be guilty of rape of a child. However, sexual motivation is unnecessary for "sexual penetration." Whereas the definition of "sexual contact" requires the touching to be "for the purpose of sexual arousal or

gratification," there is no such requirement for "sexual penetration." *See* Tenn. Code

Ann. § 39-13-501(6) and (7).  In fact, our Tennessee Supreme Court has held:

> we reject the proposition that, as a matter of law, every
> rape is implicitly committed for the purpose of pleasure
> or excitement.  This view overlooks the reality that some
> acts of rape are not committed for pleasure at all.  Some
> crimes of this nature are simply acts of brutality resulting
> from hatred or the desire to seek revenge, control,
> intimidate, or are the product of a misguided desire to
> just abuse another human being.  The desire for pleasure
> or excitement should not be inherently presumed from the
> act of rape.

State v. Adams, 864 S.W.2d 31, 34-35 (Tenn. 1993).

For the above reasons we conclude that defendant's actions encompassed

the elements of child rape, and that sexual motivation is not an essential element of

this offense.


## CRUEL AND UNUSUAL PUNISHMENT


Defendant contends her 15-year sentence amounts to cruel and unusual

punishment based upon the facts.  Since reviewing courts should grant substantial

deference to the broad authority the legislature possesses in determining

punishments for particular crimes, successful challenges to the proportionality of

particular sentences, outside the context of capital punishment, are exceedingly rare.

*See* Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed. 2d 637 (1983).  Giving

due deference to the legislature's establishment of the range of punishment for this

offense, we find no violation under the Eighth Amendment of the United States

Constitution. Furthermore, we find no state constitutional violation since the sentence

is not "grossly disproportionate" to the crime.  *See* State v. Harris, 844 S.W.2d 601,

603 (Tenn. 1992).


## ABUSE OF PROSECUTORIAL DISCRETION


Defendant contends the state abused its mandatory duty to seek the  proper

administration of justice by its arbitrary prosecution for child rape, rather than allowing

6

an alternative resolution which would grant the court discretion in sentencing alternatives. The record before us is limited. The record simply shows that the defendant was indicted and prosecuted for the offense of child rape. The issue of the alleged abuse of prosecutorial discretion appears in the record for the first time in the motion for new trial. There is no transcript of the motion for new trial, and the record simply shows that the motion for new trial was overruled. In the absence of an appropriate record for review, we are unable to properly address this issue. *See* State v. Ballard, 855 S.W.2d 557, 560-561 (Tenn. 1993); State v. Nix, 922 S.W.2d 894, 901-902 (Tenn. Crim. App. 1995).

Addressing the issue, nonetheless, we find no abuse of prosecutorial discretion. Subject to constitutional constraints, the district attorney general's discretion in charging determinations is "practically unbridled." Quillen v. Crockett, 928 S.W.2d 47, 51 (Tenn. Crim. App. 1995); *see also* Dearborne v. State, 575 S.W.2d 259, 262 (Tenn. 1978). Assuming the prosecutor sought a conviction for child rape and was unwilling to consider lesser alternatives, this Court is not at liberty to interfere with that discretion.

## SPEEDY TRIAL

Finally, defendant asserts she was denied a speedy trial. Again, according to the record, this issue was raised for the first time in the motion for new trial. There is no transcript of the motion for new trial, nor are there any specific findings by the trial court with regard to this issue. Defendant concedes the traditional criteria for granting relief on this basis are not present. Since the record does not enable us to review this issue, defendant is entitled to no relief.

## FAILURE TO CHARGE AGGRAVATED CHILD ABUSE

The trial judge instructed the jury on the indicted offense of child rape as well as the lesser offense of misdemeanor child abuse. Although the defendant has not

raised the issue of the failure to charge the offense of aggravated child abuse, we are compelled to examine this failure and determine whether it was error, and if so, whether it was "plain error." "Plain error" is an error which has affected the substantial rights of the accused and may be noticed at any time, even though not raised as an error on appeal, where necessary to do substantial justice. Tenn. R. Crim. P. 52(b); State v. Stephenson, 878 S.W.2d 530, 553-554 (Tenn. 1994). The plain error doctrine has been applied to the failure to charge a lesser offense. State v. Brooks, 909 S.W.2d 854, 860 (Tenn. Crim. App. 1995).

It was and is the defendant's position that her conduct, though an inappropriate and excessive display of discipline, was not in any way sexually motivated. Therefore, she contends that the child rape conviction and resulting 15-year sentence are not justified based upon this conduct. Although we have concluded that sexual motivation is not required for child rape, that is not to say that the proof would not justify conviction for some other lesser offense.

At the time of the commission of the alleged offense, Tenn. Code Ann. § 39-15-401(a) (1991) provided that "[a]ny person who knowingly, other than by accidental means, treats a child under eighteen (18) years of age in such a manner as to inflict injury . . . is guilty of a Class A misdemeanor."[2]  Subsection (d) of this statute specifically provided that "[a] violation of this section may be a lesser included offense of any kind of . . . sexual offense if the victim is a child and the evidence supports a charge under this section." Since the statute expressly contemplates that child abuse may be a lesser offense of a sexual offense against a child, child abuse can be a lesser grade of a sexual offense. *See* State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996). Accordingly, the trial judge properly charged misdemeanor child abuse as a lesser offense of child rape.

The trial court did not, however, charge aggravated child abuse as a lesser offense. At the time of the commission of the alleged offense, Tenn. Code Ann. § 39-15-402(a) (1991) provided that "[a] person is guilty of the offense of aggravated child

_____

[2]The statute was subsequently amended to make this offense a Class D felony if the abused child is six (6) years of age or less.

abuse who commits the offense of child abuse as defined in § 39-15-401 and: (1) [t]he act of abuse results in serious bodily injury to the child . . . ." "Serious bodily injury" is "bodily injury which involves . . . (C) [e]xtreme physical pain . . ." Tenn. Code Ann. § 39-11-106(a)(33) (1991). "Bodily injury" includes a "cut, abrasion, bruise . . . physical pain . . . ." Tenn. Code Ann. § 39-11-106(a)(2) (1991). Aggravated child abuse was a Class B felony at the time of commission of the alleged offense.[3] Tenn. Code Ann. § 39-15-402(b) (1991).

Certainly, the jury could have concluded that the defendant knowingly, other than by accidental means, treated the three-year old child in such a manner to inflict serious bodily injury. The proof indicated that the child "screamed out" in pain as a result of defendant's action. Accordingly, the jury could conclude from the undisputed proof that the child was cut and bruised and suffered "extreme physical pain" so as to constitute "serious bodily injury." The proof would have justified a conviction of aggravated child abuse.

A defendant is entitled to jury instructions on all offenses which are either lesser grades or lesser included offenses of the charged offense so long as the evidence would support a conviction for such offense. State v. Trusty, 919 S.W.2d at 311. There is an affirmative duty on the part of the trial court to charge the jury on lesser offenses whether requested or not. Tenn. Code Ann. § 40-18-110(a); State v. Howard, 926 S.W.2d 579, 585 (Tenn. Crim. App. 1996).

We, therefore, conclude that aggravated child abuse and child abuse can be lesser offenses of child rape depending upon the facts of the case. The facts in the instant case would certainly justify a conviction for aggravated child abuse. Accordingly, the trial court erred in failing to charge aggravated child abuse.

We emphasize that the facts and circumstances of this case are rather unique. The lack of sexual motivation was clearly placed before the jury. Although the jury could and did find child rape based upon the statutory definitions, the jury was obviously concerned about possible punishment and desired to recommend leniency

---

[3] The statute was subsequently amended to make this offense a Class A felony if the abused child is six (6) years of age or less.

9

in sentencing. Since range of punishment was not charged to the jury due to the failure to request the same prior to jury selection, the jury was told not to consider sentencing for fear their verdict might be set aside by an appellate court. The proof offered by the state as well as the defendant clearly embraced aggravated child abuse. At the time of the commission of the alleged offense, aggravated child abuse was a Class B felony. Child rape was and is a Class A felony requiring service of an entire sentence undiminished by any sentence reduction credits. Tenn. Code Ann. § 39-13-523(b). We are unable to conclude that the jury would have necessarily found the defendant guilty of child rape if the lesser offense of aggravated child abuse had also been charged.

For these reasons, we find the trial court erroneously failed to charge aggravated child abuse as a lesser offense. We further find that this error affected the substantial rights of the defendant and must be addressed by this Court to do substantial justice. Tenn. R. Crim. P. 52(b).

The judgment of the trial court is reversed, and this case is remanded for a new trial.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____
CURWOOD WITT, JUDGE

_____
JOE H. WALKER, III, SPECIAL JUDGE

10