IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 14, 2004

## STATE OF TENNESSEE v. LAMAR ROSS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-08113     Joseph B. Dailey, Judge**

---

**No. W2003-02823-CCA-R3-CD  - Filed November 22, 2004**

---

GARY R. WADE, P.J., concurring and dissenting.

I write separately because, in my view, Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), precludes the application of enhancement factor (5). While I agree with the majority that the jury's verdict in count two necessarily includes a finding that the victim is mentally defective, the verdict does not include a finding that the victim was particularly vulnerable because of his mental disability, which is required by the statute. See Tenn. Code Ann. § 40-35-114(5) (2003). Our supreme court has held that factor (5) may be used only "if the circumstances show that the victim, because of his age or physical or mental condition, was in fact 'particularly vulnerable,' i.e., incapable of resisting, summoning help, or testifying against the perpetrator." State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993). In my view, the verdict of the jury does not necessarily reflect that fact. In consequence, factor (5) would not be applicable under the rule established in Blakely. Because only one enhancement factor remains, I would have modified the sentence to twenty-one years, one year above the presumptive sentence.

_____
GARY R. WADE, PRESIDING JUDGE