# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 5, 2008

## STATE OF TENNESSEE v. SUNNI ADKINS

**Appeal from the Criminal Court for Lewis County**
**Nos. 6708 & 6730      Jeffrey S. Bivins, Judge**

_____

### No. M2007-01355-CCA-R3-CD - Filed July 3, 2008

_____

JOSEPH M. TIPTON, P.J., concurring.

I concur in the results reached in the majority opinion. However, I would affirm the trial court because of the defendant's failure to include the guilty plea hearing transcript in the record and the attendant presumption that the trial court's determinations were correct. See State v. Oody, 823 S.W.2d 554 (Tenn. Crim. App. 1991) (holding trial court's ruling presumed correct in the absence of an adequate record on appeal).

The 1989 Sentencing Act, as amended, requires a sentencing court to consider evidence received at the trial. T.C.A. § 40-35-210(b)(1). With a guilty plea involving a felony, the evidence supporting the plea and finding of guilt is usually submitted by stipulation. This court has considered the guilty plea hearing transcript to be vital to a de novo review and potential resentencing by this court as required by law. See T.C.A. § 40-35-401. No matter how developed a record may appear, we will never know the full extent unless the guilty plea transcript is included. I do not believe this court is required to analyze an incomplete record to determine the merit of a sentencing complaint.

As a matter of legal analysis, though, I must express my disagreement with this court's affirming application of enhancement factor (4), that the children were particularly vulnerable. In State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993), in overturning the factor's application to rape victims, ages 4, 5, and 12, our supreme court stressed that the factor "relates more to the natural physical and mental limitations of the victim than merely to the victim's age." The court cast being particularly vulnerable in terms of "incapable of resisting, summoning help, or testifying against the perpetrator." Id. Photographs of the victims in the record in the present case indicate nothing regarding particular vulnerability. The trial court made and the majority opinion makes assumptions about what the victims would not or could not do unless they were older and stronger, but the evidence is not in the record to find they were particularly vulnerable.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE