# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs March 28, 2012

## STATE OF TENNESSEE v. ROBIN ELIZABETH WILLIS

**Appeal from the Criminal Court for Hawkins County**
**No. 10-CR-455     John F. Dugger, Jr., Judge**

---

**No. E2011-01323-CCA-R3-CD - Filed September 26, 2012**

---

JOSEPH M. TIPTON, P.J., concurring in part, dissenting in part.

I concur with the majority opinion's conclusion that the evidence was sufficient to convict the Defendant. I respectfully disagree, however, with its conclusions that the victim was <u>particularly</u> vulnerable and that the three-year sentence should be served in confinement.

As noted in the majority opinion, our supreme court has concluded that enhancement factor (4), that the victim was particularly vulnerable due to age or physical condition, "relates more to the natural physical and mental limitations of the victim than merely to the victim's age." State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993), superseded on other grounds by statute as stated in State v. Jackson, 60 S.W.3d 738, 741-42 (Tenn. 2001). A particular vulnerability is established when the victim is "incapable of resisting, summoning help, or testifying against the perpetrator" because of age or physical condition. Id. Although a victim's age might render a victim vulnerable generally, particular vulnerability "may play no part in the crime." State v. Lewis, 44 S.W.3d 501, 505 (Tenn. 2001). Therefore, "vulnerability that is wholly irrelevant to the crime is not 'appropriate for the offense'" pursuant to Tennessee Code Annotated section 40-35-114. Id.

In State v. Butler, 900 S.W.2d 305, 313 (Tenn. Crim. App. 1994), this court concluded that enhancement factor (4) did not apply when the defendant shot an elderly woman from a distance because the victim's age and physical condition were not factors in the commission of the offense. By contrast, in State v. Marcus Tramane Green, No. M2002-01810-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App. Apr. 28, 2003), perm. app. denied (Tenn. Oct. 6, 2003), the sixty-six-year-old victim weighed only 100 pounds, which prevented the victim from defending himself against the defendant's assault during the commission of a robbery. The court concluded that the victim was particularly vulnerable. Id. Likewise, in State v. Lewis, the supreme court upheld the application of factor (4) in

sentencing the defendant for arson because young children inside the building required adult assistance to escape the fire. Lewis, 44 S.W.3d at 505.

I agree with the parties' views of the facts in the present case. I conclude that they fail to show particular vulnerability as contemplated in previous opinions. There is no evidence suggesting that the victim's age played a role in her decision to give the Defendant money, although under false pretenses. The victim's daughter testified that the Defendant convinced the victim that the Defendant had cancer because the Defendant's sisters had either died from cancer or had been recently diagnosed. No evidence suggests that the victim believed the Defendant more because she was seventy-five years old or that the Defendant took advantage of the victim's age. The evidence shows that the victim loaned the Defendant money previously and that the two were relatives. Although the Defendant abused the victim's trust, I cannot conclude that the victim was particularly vulnerable.

I also conclude that given all the circumstances of the case, confinement for the Defendant's sentence fails to satisfy the principles of sentencing. The Defendant is a favorable candidate for alternative sentencing. The Defendant had a single recent conviction for writing a worthless check, which essentially shows the Defendant's need for money before committing the instant offense. The theft involved $1620 and did not involve violence. The record reflects the offense was motivated by the need to fund an admitted addiction. One of the principles of sentencing requires the sentence to be the "least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(4) (2010). I cannot conclude that confinement for three years is the least severe measure necessary to provide an effective deterrence to others pursuant to Tennessee Code Annotated section 40-35-103(1)(B) (2010). See T.C.A. § 40-35-103(2) (requiring defendants to be sentenced in relation to the seriousness of the offense); see also T.C.A. § 40-35-102(5) (first priority of sentences involving incarceration shall be made to defendants "committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society and evincing failure of past efforts at rehabilitation"). I believe an alternative sentence would meet the ends of justice in this case.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE