IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION

FILED

October 19, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9710-CR-00470 |
| Appellee, | ) | |
| | ) | MACON COUNTY |
| VS. | ) | |
| | ) | HON. J. O. BOND, |
| TROY L. NOLES, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Sentencing) |

FOR THE APPELLANT:          FOR THE APPELLEE:


**B. F. "JACK" LOWERY**
Public Square, Lowery Bldg.
Lebanon, TN  37087

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KAREN M. YACUZZO**
Asst. Attorney General
425 Fifth Ave., North
2nd Floor, Cordell Hull Bldg.
Nashville, TN  37243-0493

**TOM P. THOMPSON**
District Attorney General

**JOHN WOOTTEN**
Asst. District Attorney General
203 Greentop St., P.O. Box 178
Hartsville, TN  37074-0178

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant, Troy Noles, was convicted by a Macon County jury of five counts of assault, one count of possession of drug paraphernalia, and possession of alcohol while under the age of twenty-one. The trial court sentenced him to five consecutive sentences of eleven months twenty-nine days as a Range I offender for assaults, eleven months twenty-nine days for possession of drug paraphernalia, and five days for possession of alcohol. The trial court ordered the sentences for possession of drug paraphernalia and alcohol to be served concurrently with the sentences for assault.

In this appeal as of right, the defendant argues that the sentence imposed is excessive and that the trial court erred when it imposed consecutive sentences. After a review of the record and applicable law, we find no error and affirm the judgment of the court below.

The defendant's convictions stemmed from an automobile crash in Macon County. On the evening of November 25, 1995, the defendant was driving south on Carthage Road with two passengers after purchasing two six packs of beer. As the defendant drove around a curve in the road, he lost control of the car and skidded across the double yellow line into the lane of oncoming traffic.[1] The defendant's car then collided head on with an oncoming jeep.

As a result of the collision, the driver of the jeep and its passengers suffered severe injuries. The driver of the jeep, Wanda West, was forced to have part of each leg amputated. Mrs. West also suffered head and face injuries, a punctured bladder and

---

[1] At trial, an expert accident reconstructionist estimated the defendant to be traveling at about ninety-three miles per hour before applying the brakes and ending up in the opposite lane of traffic.

broken wrists. Mrs. West's daughter, who was a passenger in the jeep at the time of the accident, was thrown from the jeep and, as a result, broke her nose and ankle and had to undergo facial surgery. Another of the passengers, Angie Watkins, broke her jaw, dislocated her hip and will suffer from arthritis for the rest of her life as a result of the accident. A third passenger, Scott Jenkins, was unconscious for three weeks after the accident and suffered from a concussion. The final passenger in the car, Barry Matthews, broke his jaw in several places and had to have his eye socket rebuilt with wire mesh.

As his first issue, the defendant argues that the sentence imposed is excessive because the trial court erroneously applied enhancement factors when determining his sentence. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A portion of the Sentencing Reform Act of 1989, codified at T.C.A. § 40-35-210, established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the
> sentencing hearing; (2) [t]he presentence report; (3)
> [t]he principles of sentencing and arguments as to sentencing
> alternatives; (4) [t]he nature and characteristics of the criminal
> conduct involved; (5) [e]vidence and information offered by the
> parties on the enhancement and mitigating factors in §§ 40-35-

113 and 40-35-114; and (6) [a]ny statement the defendant wishes
to make in his own behalf about sentencing.

T.C.A. § 40-35-210.

Although this section also provides that in the case of a felon the minimum sentence within the range is the presumptive sentence, the misdemeanant is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). However, in determining the percentage of the sentence to be served in actual confinement, the court must consider enhancement and mitigating factors as well as the purposes and principles of the Criminal Sentencing Reform Act of 1989, and the court should not impose such percentages arbitrarily. T.C.A. § 40-35-302(d).

The Act further provides that "[w]henever the court imposes a sentence, it shall place on the record either orally or in writing, what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40-35-209." T.C.A. § 40-35-210(f) (emphasis added). Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if none are found. T.C.A. § 40-35-210 comment. These findings by the trial judge must be recorded in order to allow an adequate review on appeal.

At the sentencing hearing the trial court set out the applicable enhancement factors as follows:

> Your prior history of criminal conduct. You were involved in an offense that involved more than one victim. There was [sic] four other victims that you were charged in each case, one victim had a charge against you, five all together. So that would apply as an enhancement. Personal injuries inflicted, assault is normally not even serious bodily injury, it's just bodily injury, but here you've inflicted serious bodily injury, no question about it.

4

The Court believes that the automobile was a deadly weapon . . . .

And you were trusted, had a public trust. When you get a driver's license in your hands the State of Tennessee says we trust you with the public, the lives of the public on the road. And you abused that public trust by doing that and driving the vehicle intentionally like you drove it that night. And you did it on the road you say you weren't even familiar with. Such high speeds and under those circumstances you should have - - the potential for bodily injury was very great to any one on that road.

In light of the foregoing remarks, it is apparent the trial court applied the following enhancement factors from T.C.A. § 40-35-114: that the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range (1); the offense involved more than one victim (3); the personal injuries inflicted upon the victims were particularly great (6); the defendant employed a deadly weapon during the commission of the offense (9); the defendant abused a position of public trust (15); and the crime was committed under circumstances under which the potential for bodily injury to a victim was great (16). The defendant now argues that the trial court erred by applying any of these factors.

As to factor one, the presentence report showed that the defendant has been convicted of speeding, two counts of reckless driving and public drunkenness.[2] As this is a history of criminal behavior and convictions, we can find no error in the trial court's application of this factor.

The defendant next argues that the trial court erred in applying factor three, that the offense involved more than one victim. The trial court applied this factor based on the fact that there were several victims in the jeep the defendant's car hit. The State

_____

[2] Although one count of reckless driving was a juvenile conviction, our Supreme Court has held that a defendant's "juvenile record is a sufficient basis for sentence enhancement under T.C.A. § 40-35-114(1)." State v. Adams, 864 S.W.2d 31, 34 (Tenn. 1993).

5

concedes that this was an improper basis upon which to apply this factor.[3]  However, there is another basis upon which to apply this factor in the defendant's case.  The defendant was only indicted for the injuries inflicted on the people in the jeep.  He was not indicted for the injuries inflicted on the passengers of his own car.[4]  As the passengers of the defendant's vehicle were also victims in this accident and the defendant was not convicted of the offenses committed against them, it was proper for the trial court to apply this enhancement factor.

The defendant also challenges the application of factor six, that the personal injuries inflicted upon the victims were particularly great.  The defendant argues that this factor is an essential element of the charged offense of vehicular assault and therefore cannot be used to enhance his sentence.  However, this Court has held that a factor cannot be used to enhance a sentence if it is an essential element of the offense for which a conviction is obtained, not the offense for which a defendant is indicted.  See Sills v. State, 884 S.W.2d 139, 145 (Tenn. Crim. App. 1994).  The defendant was convicted of assault, which only requires "bodily injury" of another.  T.C.A. § 39-13-101(a)(1).  Since "particularly great" injuries are not an essential element of assault, it was proper for the trial court to use this factor as a basis for enhancement.

The defendant also contends that it was improper for the trial court to consider factor nine, that the defendant possessed or employed a deadly weapon during the commission of the offense.[5]  The defendant's argument is that this factor is an

---

[3] This factor cannot be applied for enhancement purposes where the defendant has been separately convicted of the offenses committed against each victim.  See State v. Williamson, 919 S.W.2d 69, 82 (Tenn. Crim. App. 1995).

[4] The record indicates that the passengers in the defendant's car also suffered from injuries attributable to the wreck.

[5] The trial court justified its application of this factor on the reasoning that the defendant's car was a deadly weapon.

6

essential element of vehicular assault with which he was charged. However, as the defendant was convicted of assault which does not require use of a deadly weapon, application of this factor was proper.

The defendant next argues that the trial court's application of factor fifteen, abuse of a position of public trust, was also improper. The trial judge applied this factor based on the reasoning that a driver's license is a form of public trust which was abused when the defendant did not drive responsibly. We find that it was error for the trial court to consider factor fifteen, as a driver's license is not a form of public trust.

The last enhancement factor applied by the trial court was factor sixteen, that the crime was committed under circumstances under which the potential for bodily injury to a victim was great. Although the defendant's appellate brief does not address this factor specifically, the brief does contend that no enhancement factors exist. This Court has previously held that this factor is applicable where there are people other than the victim in the area and subject to injury. State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995). In the defendant's case there were two passengers in his car that were in the area and subject to injury; therefore, this factor was properly applied by the trial court.

The defendant next contends that the trial court erred in failing to apply any mitigating factors. The defendant argues that his youth should have been considered by the trial court. See T.C.A. § 40-35-113. This Court has held that

> In determining whether the sentence should have been mitigated
> because the defendant lacked substantial judgment because of
> his youth, 'courts should consider the concept of youth in context,
> i.e., the defendant's age, education, maturity, experience, mental
> capacity or development, and any other pertinent circumstance
> tending to demonstrate the defendant's ability or inability to apprec-

7

iate the nature of his conduct.'

State v. Carter, 908 S.W.2d 410, 413 (Tenn. Crim. App. 1995) (citing State v. Adams, 864 S.W.2d 31, 34 (Tenn. 1993)). At the time of the wreck, the defendant was nineteen years old. He is also a high school graduate who, as the defendant himself points out, has worked full time since he graduated from high school. The defendant has also had previous experiences with the criminal justice system with regard to his driving. In light of the foregoing, we think the trial court did not err in refusing to apply youth as a mitigating factor.

The defendant further contends that the trial court should have considered his remorse as a mitigating factor. There is no requirement that a judge must consider remorse as a mitigating factor. In addition, at trial the defendant never admitted fault but claimed the jeep was in his lane of traffic. Under these circumstances, we believe it was proper for the trial court to refuse to consider remorse as a mitigating factor.

The defendant also contends that his cooperation with his insurance company in its payment of the victims' medical bills should be considered a mitigating factor. As this payment was the responsibility of the insurance company, we find no error in the trial court's failure to consider this as a mitigating factor.

Finally, the defendant contends that the trial court should have considered his gainful employment since high school graduation as a mitigating factor. This Court has previously held that the fact that a defendant has a stable employment history does not entitle him or her to a reduction in his or her sentence. State v. Keel, 882 S.W.2d 410, 423 (Tenn. Crim. App. 1994). As such, the trial court did not err by refusing to consider the defendant's work history as a mitigating factor.

8

In light of the foregoing applicable enhancement factors, we find that the trial court did not err in sentencing the defendant to the maximum sentence in the range.[6]

As his final issue, the defendant argues that the trial court erred when it ordered him to serve his sentences consecutively and failed to place upon the record specific findings of fact as required by the Criminal Sentencing Reform Act. Although no specific finding was made, it appears that the trial court based its decision on the determination that the defendant is a dangerous offender. As the trial court did not specifically make this finding, review of this issue is without a presumption of correctness.

It is clear, after a review of the record, that the defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life was high. See T.C.A. § 40-35-115(b)(4). The fact that the defendant was driving down an unfamiliar curvy road at speeds of ninety-three miles per hour clearly indicates that he had little regard for anyone else driving on that same road. The defendant's speed created a high risk that he would cause a serious, if not deadly, accident. See State v. Wilkerson, 905 S.W.2d 933, 937 (Tenn. 1995). All these factors lead us to conclude that the defendant is a dangerous offender.

Since the defendant meets the statutory criteria set out at T.C.A. § 40-35-115, he may be sentenced to consecutive sentences as long as the terms of the sentence "reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant."

---

[6] The defendant also contends that he is eligible for a community corrections sentence rather than incarceration. We disagree. As the defendant was convicted for a violent crime against a person and there was no showing of special needs, he is not eligible for a community corrections sentence.

Wilkerson, 905 S.W.2d at 938. In light of the defendant's history of criminal convictions for similar offenses and the disastrous effects of this offense, it is clear that such a sentence is necessary to protect the public from further criminal behavior by the defendant and that the sentences imposed reasonably relate to the severity of the offenses.

Thus, for the foregoing reasons, we affirm the judgment of the court below.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
THOMAS T. WOODALL, Judge

_____
L. TERRY LAFFERTY, Special Judge