# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1998 SESSION



**FILED**

**March 25, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9805-CC-00160 |
| Appellee, | ) |
| | ) Fayette County |
| V. | ) |
| | ) Honorable Jon Kerry Blackwood, Judge |
| | ) |
| **ANTONIO COACH,** | ) (Second Degree Murder) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

GARY F. ANTRICAN
District Public Defender
P.O. Box 700
Somervillle, TN 38068

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

DOUGLAS D. HIMES
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

ELIZABETH T. RICE
District Attorney General
302 Market Street East
Somerville, TN 38068

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# O P I N I O N

The appellant, Antonio Coach, pleaded guilty to second degree murder and was sentenced to twenty years in the Tennessee Department of Correction. In this direct appeal, he argues that this sentence is excessive due to the trial court's failure to consider certain mitigating factors. We AFFIRM the sentence of the trial court.

## FACTS

On September 29, 1997, the appellant became involved in an argument with the victim, Craig Drake, at a football game. Later that evening, the appellant and others of a group who identified themselves as the "VLs" or "Vice Lords" went to Drake's home and attempted, unsuccessfully, to provoke him to come outside and fight. The following afternoon, the appellant and several others followed Drake off the school bus at Drake's home. Marco Hardaway, a co-defendant of the appellant at the trial court, was waiting on the corner near the bus stop with a gun. A brief scuffle ensued in the Drakes' driveway, and Drake fled toward his house. Drake's mother had come out of her house and was watching from the carport. As the victim paused to talk to his mother, Hardaway handed the appellant the gun. The appellant stepped from the group and fired one shot, hitting and fatally wounding Drake.

The appellant, who was sixteen years of age at the time of his offense, was transferred from juvenile court to be tried as an adult in the Fayette County Circuit Court. There, he pleaded guilty as indicted to second degree murder.

Second degree murder is a class A felony, carrying a range I sentence of fifteen to twenty-five years. See Tenn. Code Ann. §§ 39-13-210(b); 40-35-112(a)(1). The presumptive sentence for a class A felony is the midpoint of the sentencing range, absent enhancement or mitigating factors. See Tenn. Code Ann. § 40-35-210(c).

At the sentencing hearing, the trial court found applicable one enhancement factor--that the appellant "had no hesititation about committing a crime when the risk to human life was high." Tenn. Code Ann. § 40-35-114(10). The trial court also found one mitigating factor--that the appellant admitted his guilt. Concluding that the weight of these factors offset, the trial court imposed the presumptive mid-range sentence of twenty years. The appellant argues that the trial court erred in failing to apply additional mitigating factors and that his sentence is, therefore, excessive .

## STANDARD OF REVIEW

When an accused challenges the length or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting our de novo review, we must consider (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the accused in his own behalf; and (7) the potential or lack or potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The appellant carries the burden of showing that his sentence is improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

The record in this case fails to reflect findings of the trial court relative to its application or rejection of enhancement and mitigating factors. We therefore conduct our review <u>de novo</u>, unaccompanied by the presumption of correctness.

**ANALYSIS**

The appellant does not challenge the applicability of enhancement factor (10), and we notice no error. While risk to the life of the victim is inherent in the offense of second degree murder, this enhancement is still applicable when the lives of persons other than the victim were also at risk. <u>See</u> <u>e.g.</u>, <u>State v. Sims</u>, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995). In the present case, the victim's mother was standing close behind the victim when the appellant shot in her direction. The appellant's lack of hesitation in producing this risk to the appellant's mother supports application of enhancement factor (10).

Although not found by the trial court, the record also supports the applicability of enhancement factors (9) and (16)--that the appellant used a firearm in the commission of the offense and that the crime was committed under circumstances involving great potential for bodily injury to a victim. <u>See</u> Tenn. Code Ann. § 40-35-114(9), (16); <u>Sims</u>, 909 S.W.2d at 50 (holding that like enhancement factor (10), factor (16) may be applied where persons other than the victim are in the area and subject to injury); <u>State v. Butler</u>, 900 S.W.2d 305, 313 (holding that the use of a firearm is not an element of second degree murder). We accord significant weight to the appellant's use of a weapon. However, because the facts supporting factors (10) and (16) are identical and because these facts are accounted for by application of factor (10), we accord little additional weight to factor (16) in the present case.

As for mitigating factors, the trial court found applicable only that the appellant had admitted his guilt. <u>Accord</u> <u>Butler</u>, 900 S.W.2d at 315 (allowing

mitigation for admission of guilt). The appellant proposes that he is also entitled to mitigation of his sentence based on the following five factors:

> (1) The appellant, because of his youth, "lacked substantial judgment in committing the offense," see Tenn. Code Ann. § 40-35-113(6);
>
> (2) The appellant "committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct," see Tenn. Code Ann. § 40-35-113(11);
>
> (3) The appellant does not have an extensive criminal record;
>
> (4) The appellant's family background suggests that it is unlikely that he had "every opportunity" to learn right from wrong; and
>
> (5) The appellant has shown remorse.

In determining whether the appellant, "lacked substantial judgment" in committing this offense because of his youth, we "consider the concept of youth in context, i.e., the defendant's age, education, maturity, experience, mental capacity or development, and any other pertinent circumstance tending to demonstrate the defendant's ability or inability to appreciate the nature of his conduct." State v. Adams, 864 S.W.2d 31, 33 (Tenn. 1993). In the present case, we find that the appellant's age, education, and experience warrant application of this factor.

We find no merit in the appellant's argument that he committed this offense under such unusual circumstance that it is unlikely that a sustained intent to violate the law motivated his conduct. Counsel for the appellant argued at his sentencing hearing that it was "highly probable that [the appellant] showed up at [the murder site] not even thinking anything about a gun or hurting anybody else." The record, however, indicates that the argument leading to the victim's murder had been continuing for nearly twenty-four hours and that the appellant repeatedly pursued the victim during this time. The appellant clearly had a well-sustained intent to, in some manner, assault the victim.

-5-

The appellant next proposes that his lack of an extensive criminal record should have been accorded some weight in mitigation. The appellant, however, does have a record of juvenile convictions for simple possession and for assault and battery. In State v. Adams, 864 S.W.2d 31, 34 (Tenn. 1993), the Tennessee Supreme Court concluded that a record of juvenile criminal conduct "may be taken into account in fashioning an appropriate sentence." Accordingly, in State v. Carter, 908 S.W.2d 410, 413 (Tenn. Crim. App. 1995), this Court refused to mitigate an offender's sentence for lack of criminal history due to the offender's juvenile record. We likewise find that, because of his juvenile record, the appellant is not entitled to mitigation of his sentence for lack of a criminal history.

As to the appellant's family circumstances and remorse, we do not find that either justifies mitigation in the present case. The appellant asserts that his family situation made it "unlikely that he had every normal opportunity to learn right from wrong." To the extent that the appellant's family experiences or lack thereof have any bearing, they are considered under mitigating factor (6) and his diminished judgment in committing this offense.

We also decline to give any weight to the appellant's alleged remorse. Although this Court has held that remorse is a proper consideration under mitigating factor (13), see, e.g., State v. Latavis Diray Bailey, No. 02C01-9703-CC-00115 (Tenn. Crim. App. filed Mar. 26, 1998, at Jackson), the record simply does not indicate any significant expression of remorse by the appellant.

In sum, we find applicable enhancement factors (9), (10), and (16), as well as mitigating factors (6) and (13)--that the appellant admitted his guilt. Although we accord significant weight to enhancements (9) and (10), the cumulative weight of these enhancements is counterbalanced by the mitigating factors. Therefore, the mid-range twenty-year sentence imposed below is appropriate.

**CONCLUSION**

Based upon the foregoing, the judgment of the trial court is affirmed.

_____

JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____

GARY R. WADE, Judge

_____

THOMAS T. WOODALL, Judge