IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1999 SESSION

FILED

May 13, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 01C01-9709-CR-00396 |
| Appellee, | ) | |
| | ) | Davidson County |
| V. | ) | |
| | ) | Honorable Thomas H. Shriver, Judge |
| | ) | |
| ROBERT D. MERRITT, JR., | ) | (Especially Aggravated Robbery) |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

LIONEL R. BARRETT, JR.
Washington Square Two, Suite 418
222 Second Avenue North
Nashville, TN 37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

KIM R. HELPER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

VICTOR S. (TORRY) JOHNSON III
District Attorney General

NICHOLAS BAILEY
Assistant District Attorney General
200 Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Robert D. Merritt, pleaded guilty to especially aggravated robbery, a Class A felony. The trial court sentenced him as a range I offender to twenty-four years' confinement, to be served at one hundred percent. <u>See</u> Tenn. Code Ann. § 40-35-501(I)(1), (2)(E). The sole question presented for our review is whether this sentence is excessive. We affirm the judgment of the trial court.

## BACKGROUND

On the night of August 25, 1995, the defendant and an accomplice, Seria Ward, drove to the parking lot of First Union Bank in Nashville, Tennessee. About that time, the victim, Donald Bonds, parked his car near the bank's automated teller machine and got out to make a withdrawal. The defendant got out of his car and directed Ward to take the driver's seat and pick him up after he robbed Bonds. Bonds withdrew forty dollars, put the money in his wallet, and turned back toward his car. At that point, the defendant approached Bonds and, brandishing a gun, demanded his wallet. Although Bonds relinquished his wallet without resistance, the defendant shot him in the chest, narrowly missing Bond's heart. Ward, who had been waiting in the defendant's car, immediately drove to the defendant, picked him up, and the two left the area. Bonds was seriously injured but managed to call for help on his cell phone and survived.

The defendant and Ward were indicted for especially aggravated robbery. After Ward was convicted in a jury trial, the defendant pleaded guilty. At the defendant's sentencing hearing, the trial court found applicable one enhancement factor–that the defendant was a leader in the commission of the offense–and no mitigating factors. Based on these findings, the trial court enhanced the defendant's sentence from the presumptive term of twenty years, <u>see</u> Tenn. Code Ann. §§ 39-13-403; 40-35-112(a)(1), to twenty-four years. The defendant contests this sentence.

## STANDARD OF REVIEW

Appellate review of a challenge to the length or manner of service of a sentence is de novo on the record, "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported in the record, then this Court may not disturb the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The appellant carries the burden of showing that his sentence is improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

In conducting our review, this Court we must consider (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the accused in his own behalf; and (7) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

## ANALYSIS

The defendant first contends that the trial court erred in applying enhancement factor (2)–that the defendant "was a leader in the commission of an offense involving two (2) or more criminal actors." Tenn. Code Ann. § 40-35-114(2). We disagree. Relative to this enhancement, the trial court found that that the defendant supplied both the car and the weapon used in the offense,

directed Ward to drive the car, and told him where to wait for the defendant during the offense. In addition, the defendant was the one who shot the victim. These facts sufficiently support the trial court's finding that the defendant was a leader. This issue is without merit.

Next, the defendant argues that the trial court erred in failing to find three mitigating factors: The defendant lacked substantial judgment due to youth, see Tenn. Code Ann. § 40-35-113(6); the defendant has no prior criminal convictions as an adult; and the defendant voluntarily entered a plea of guilty and truthfully stated the facts of his offense. We find that the trial court was within its discretion in rejecting each of these proposed mitigating factors.

In considering whether a defendant lacked substantial judgment because of his youth, chronological age alone is not determinative. See State v. Antonio D. Mason, No. 01C01-9607-CC-00315 (Tenn. Crim. App. filed Oct. 24, 1997, at Nashville). Rather, we are directed to "consider the concept of youth in context, i.e., the defendant's age, education, maturity, experience, mental capacity or development, and any other pertinent circumstance tending to demonstrate the defendant's ability or inability to appreciate the nature of his conduct." State v. Adams, 864 S.W.2d 31, 33 (Tenn. 1993).

At the time of his offense, the defendant was twenty years of age and in good mental and physical health. As noted in Adams, a twenty-year old is "an adult under Tennessee law." Id. Other than his age, the defendant's only proof in support of this factor is the testimony of his mother who stated that he had been diagnosed as learning disabled in 1978 or 1979, when the defendant would have been three or four years' old. While such a diagnosis might suggest some lessened academic capacity, we do not think it demonstrates a lack of "substantial" judgment as to the instant offense. Moreover, to the extent such evidence might suggest any lack of capacity, it would not be, as the statute

-4-

requires, "because of youth." Furthermore, the defendant has a prior criminal history involving the possession of a weapon. This history and the defendant's leadership role in planning the offense suggest a full appreciation for the seriousness of his actions. Under these circumstances, we cannot conclude that the evidence preponderates against the trial court's decision. This issue is without merit.

The defendant next proposes that his lack of an adult criminal history should have been accorded some weight in mitigation. The defendant's mother, however, testified that he had been arrested for taking a gun to school as a juvenile. In Adams, the Tennessee Supreme Court concluded that juvenile criminal conduct "may be taken into account in fashioning an appropriate sentence." Id. at 34. Accordingly, in State v. Carter, 908 S.W.2d 410, 413 (Tenn. Crim. App. 1995), this Court refused to mitigate an offender's sentence for lack of criminal history based on the offender's juvenile history of criminal behavior. We likewise find that the defendant's juvenile history of criminal behavior, while probably insufficient to support enhancement of the defendant's sentence, is sufficient to preclude mitigating his sentence for lack of a criminal history.

We find no merit in the defendant's remaining proposed mitigating circumstances.

**CONCLUSION**

Based on the above, we find no error in the trial court's decisions regarding enhancement or mitigating factors. The judgment of the trial court is, therefore, AFFIRMED.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:


_____
DAVID H. WELLES, Judge


_____
JOE G. RILEY, Judge