IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2002

## STATE OF TENNESSEE v. JERRY  McGAHA

**Appeal from the Criminal Court for Cocke County**
**No. 8195     Ben W. Hooper, II, Judge**

_____

**No. E2001-01547-CCA-R3-CD**
**April 3, 2002**
_____

The Defendant, Jerry McGaha, pled guilty, pursuant to a plea agreement, to nine counts of rape of a child.  After a sentencing hearing, the trial court sentenced the Defendant to twenty-five years for each count with counts one through seven running concurrently with each other and counts eight and nine running concurrently with each other.  However, counts eight and nine were to be served consecutively to counts one through seven.  On appeal the Defendant contends that the trial court erred in sentencing him to twenty-five (25) years on each count and in ordering counts eight and nine to be served consecutively to counts one through seven.  We modify the sentences imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Modified**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Edward C. Miller, Public Defender, Dandridge, Tennessee, for the appellant, Jerry McGaha.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Alfred C. Schmutzer, Jr.; and Ronald C. Newcomb, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The statement of facts presented by the State at the plea hearing revealed that, on at least nine different occasions during the summer of 1999 and January of 2000, the thirty-four-year old Defendant forced the victim, his ten year old cousin, to perform oral sex on him and digitally penetrated the victim's anus.  The Defendant threatened to kill the victim and the victim's family if he told anyone of the abuse.  Once discovered, the Defendant confessed to the crimes.

The Defendant pleaded guilty to nine counts of rape of a child. The plea agreement provided that the sentences for counts one through seven would run concurrently with one another and that the sentences for counts eight and nine would run concurrently with one another. The trial court was to determine the length of the sentences and whether the sentences for counts eight and nine should run consecutively to the sentences for counts one through seven.

## SENTENCING

The Defendant contends that the trial court erred in applying two enhancement factors in sentencing the Defendant. When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a <u>de novo</u> review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a <u>de novo</u> review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. <u>See</u> Tenn. Code Ann. §§ 40-35-102, -103, -210; <u>State v. Brewer</u>, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); <u>State v. Thomas</u>, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. <u>See</u> <u>State v. Pike</u>, 978 S.W.2d 904, 926-27 (Tenn. 1998); <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Rape of a child is a Class A felony. <u>See</u> Tenn. Code Ann. § 39-13-522(b). A Range I sentence for a Class A felony is not less than 15 nor more than 25 years. <u>See</u> <u>id.</u> § 40-35-112(a)(1). The presumptive sentence for a Class A felony is the midpoint of the range if there are no enhancement or mitigating factors. <u>See</u> <u>id.</u> § 40-35-210(c). If there are enhancement and mitigating factors, the court must start at the midpoint of the range, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. <u>See</u> <u>id.</u> § 40-35-210(c).

The presentence report reflects that at the time of sentencing the Defendant was a thirty-four year old, divorced male with one child. The Defendant did not complete high school, but has

maintained a steady employment history. The Defendant also reported in the presence report that he was sexually abused by a relative when he was approximately the same age as the victim.

In sentencing the Defendant, the trial court applied two enhancement factors:
(1) the victim of the offense was particularly vulnerable because of age or physical or mental disability. . .
(2) the Defendant abused a position of public or private trust. . .

See Tenn. Code Ann. § 40-35-114 (4) and (15). The trial court noted as mitigating factors the Defendant's lack of a criminal record, his good work record and the fact that he accepted responsibility for his actions. See Tenn. Code Ann. § 40-35-113(13).

The Defendant argues that there is no evidence in the record that the victim was "particularly vulnerable" because of his age, and correctly asserts that proof of the victim's age alone is not sufficient to establish "particular vulnerability." In State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993), our supreme court held that trial courts may enhance the sentence of one convicted of rape of a child based upon the vulnerability of the victim due to age or disability, however, proof of age alone will not suffice as proof of that vulnerability. Based on Adams, we are required to agree with the Defendant. The record is devoid of any evidence concerning the victim's vulnerability other than the victim's age. Accordingly, we must conclude that the trial court erred in applying enhancement factor (4) to the Defendant's conviction.

However, the trial court properly applied enhancement factor (15) in finding that the Defendant abused a position of private trust in committing the offense. See Tenn. Code Ann. § 40-35-114(15). The Defendant was the victim's cousin, and convinced the victim's grandmother to allow the victim to spend the night with him on the night the abuse began. The Defendant used his position as a family member to spend time alone with the victim. Accordingly, we find that the record supports the trial court's application of enhancement factor (15).

However, due to the misapplication of enhancement factor (4), we are constrained to modify the Defendant's sentence. After a review of the record, presence report and the transcript of the sentencing hearing, we modify the sentence to twenty-three (23) years on each count.

## CONSECUTIVE SENTENCING

The Defendant also challenges the trial court's imposition of consecutive sentences. Tennessee Code Annotated section 40-35-115(b)(5) authorizes consecutive sentences when
[t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of the defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victim[.]

In imposing consecutive sentences, the trial court acknowledged the mental damage suffered by the victim because of the Defendant's abuse. Valerie Tucker, the victim's case manager at Cherokee Health Systems, testified at the sentencing hearing that as a result of the abuse, the victim suffers from post-traumatic stress disorder and attention deficit disorder. Both disorders manifest themselves in behavioral and anger problems. The victim's own statement revealed nightmares and flashbacks. Ms. Tucker described the victim's mental difficulties as long term, if not permanent.

While the trial court did not mention the aggravating factors arising from the relationship between the Defendant and the victim, the time span of the undetected sexual abuse, or the nature or scope of the sexual acts, we readily conclude that all the factors support the trial court's imposition of consecutive sentences.

Accordingly, we find no error in the trial court's imposition of consecutive sentences. This issue is without merit. The Defendant's sentence is modified to twenty-three (23) years for each count. Pursuant to the plea agreement, counts one through seven are to be served concurrently with one another, and counts eight and nine are to be served concurrently with one another. However, counts eight and nine are to be served consecutively to counts one through seven for an effective sentence of forty-six (46) years.

## CONCLUSION

For the foregoing reasons, we modify the sentence imposed by the trial court from twenty-five (25) years on each count to twenty-three (23) years on each count with counts eight and nine to run consecutively to counts one through seven for an effective sentence of forty-six (46) years.

_____
DAVID H. WELLES, JUDGE

-4-