# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1999

FILED

March 2, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9808-CC-00326 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | LAWRENCE COUNTY |
| VS. | ) | |
| | ) | HON. WILLIAM R. CAIN |
| BUFORD "DOCK" JESTER , | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF LAWRENCE COUNTY

FOR THE APPELLANT:

JERRY C. COLLEY
P.O. Box 1476
Columbia, TN 38402-1476

PAUL B. PLANT
P.O. Box 399
Lawrenceburg, TN 38464-0399

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

DON SCHWENDIMANN
District Attorney Pro Tem
P.O. Box 366
Hohenwald, TN 38462

OPINION FILED _____

SENTENCE MODIFIED; REMANDED

DAVID H. WELLES, JUDGE

# OPINION

A jury found the Defendant guilty of aggravated burglary and rape.[1]  He was sentenced to concurrent terms of three years for the burglary and ten years for the rape.  In this appeal, the Defendant argues that the trial judge erred by sentencing him to ten years for the rape conviction.  We modify the judgment and remand to the trial court for further proceedings.

We will briefly summarize the facts as presented at trial.  The victim in this case was thirty years old when the offense occurred.  She was employed as a live-in housekeeper for an elderly man who was apparently terminally ill with cancer.  The victim was born to Amish parents and had been raised by them in an Amish community.  She attended Amish schools until she was fourteen years old.  She left the Amish community and stopped living in the Amish faith when she was twenty-eight years old.

The Defendant was a long-time neighbor and acquaintance of the man with whom the victim was employed and in whose house she lived.  The Defendant was sixty-nine years old at the time of the offense.  The victim testified that one morning, while her employer had gone to receive a dialysis treatment, the Defendant came to the house and asked if her employer was there.  She said that when she told the Defendant that he was not there, the Defendant initiated a conversation with her.  She stated that the Defendant offered her some money but that she declined.  She stated that he put a $100 bill in her hand and he then ran his hand up under her skirt and panties and put his finger in her vagina.  She

---

[1]  Tenn. Code Ann. §§ 39-14-403; 39-13-503.

said that she did not resist him because she was afraid of him. She said that after about five minutes the Defendant took her over to the couch, where he took off her skirt and panties. She stated he then put his finger in her vagina again. She also said the Defendant pulled her blouse up and put "his mouth at my left breast." She testified that the incident on the couch lasted about ten minutes and the Defendant never removed any of his clothing. She said that the Defendant then left, and as soon as he left, she went and called a friend. Eventually, the police were summoned, and the victim was examined by a nurse-practitioner, who testified that the victim's hymen was still intact but that there was some redness and swelling in her genital area.

The Defendant testified that he went to the victim's house on the morning in question to inquire about her employer. He said the victim told him that her employer was not there and that they had a brief conversation during which the victim told him she was no longer Amish and that she had a boyfriend. He said they talked about people that they both knew and a few other matters, and he then left. He testified that their entire conversation took place with him standing in the doorway with the door open. He denied any physical contact between them and denied that he sexually assaulted the victim in any way.

The jury found the Defendant guilty of aggravated burglary, not guilty of one count of rape accomplished by the use of force or coercion, and guilty of one count of rape by sexual penetration "accomplished without the consent of the victim [when] the Defendant [knew] or [had] reason to know at the time of the penetration that the victim did not consent."[2]

---

[2] Tenn. Code Ann. § 39-13-503(a)(2).

-3-

Following a sentencing hearing, the trial judge sentenced the Defendant to the minimum sentence of three years for the aggravated burglary and to the mid-range sentence of ten years for the rape, with the sentences to be served concurrently in the Department of Correction. It is from the sentence ordered by the trial court that the Defendant appeals.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987); Tenn. Code Ann. §§ 40-35-102, -103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported

by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The presentence report reflects that at the time of sentencing, the Defendant was seventy years old, had been married for forty-nine years, and had one grown child. He had little formal education, having completed only the sixth grade in 1938. He indicated that he quit school mainly to work full-time in a farming operation to help support his family. The Defendant served for approximately twenty years as a deputy sheriff in Lawrence County while also farming. He suffered a stroke while on the job as a deputy sheriff in 1980 and retired shortly thereafter. He had at least one additional stroke and was partially paralyzed on his left side. He also suffered from "chronic obstructive lung disease," rheumatoid arthritis, and "prostatic hypertrophy," which has required intermittent urinary catheterization. The Defendant denied any past or current use of either alcohol or illegal drugs. His only previous criminal history was a conviction for hunting deer with illegal ammunition in 1972. At the sentencing hearing, the Defendant acknowledged that he had been convicted and, although he staunchly maintained that he did not sexually assault or rape the victim, he stated that he would be able to abide by any restrictions or requirements that were placed on him if he were granted probation.

In sentencing the Defendant for his rape conviction, the trial judge noted that the law required him to start with the minimum sentence of eight years and then to "balance the enhancement and mitigating factors." See Tenn. Code Ann. § 40-35-210. The court stated that the record might "possibly" support a finding that the offense involved a victim and was committed to gratify the Defendant's

desire for pleasure or excitement. See id. § 40-35-114(7). As our supreme court has held, the desire for pleasure or excitement may not be presumed from every act of rape. State v. Kissinger, 922 S.W.2d 482, 490 (Tenn. 1996); State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993). In sentencing for a conviction of rape, the State has the burden of proving that the rape was committed to gratify the Defendant's desire for pleasure or excitement. Kissinger, 922 S.W.2d at 490; Adams, 864 S.W.2d at 35. In this case, the court stated that this enhancement factor was "possibly" applicable, but it is quite evident from the record that the trial judge gave this factor little, if any, weight in enhancing the Defendant's sentence beyond the minimum of eight years.

The trial judge clearly enhanced the Defendant's sentence above the minimum based upon the court's finding that the victim of the offense was particularly vulnerable because of age or physical or mental disability. See Tenn. Code Ann. § 40-35-114(4). The judge stated, "the question in mind is whether we are going to eight years or are we going to nine or ten years, principally because of the single enhancement factor that this victim was extremely vulnerable within the meaning of the law?" The trial court further stated that the main focus of the court's finding and the primary reason the sentence was elevated beyond the minimum sentence was the extreme vulnerability of this particular victim.

The narrow issue before us is whether the record in this case supports the trial judge's finding that the victim was "particularly vulnerable because of age or physical or mental disability." There is no proof in the record that the victim was particularly vulnerable because of her age or because of any physical disability. The judge's application of this enhancement factor was based upon the proof that

the victim had grown up in and spent most of her life in the "sheltered environment of the Amish community." He noted that the victim "obviously had not a history of any sexual activity, and that is in keeping with the knowledge of the Amish lifestyle which [the Defendant] knew." The only basis for upholding the application of this enhancement factor is to find that the victim's sexual inexperience or background of being raised in an Amish community and in the Amish faith renders her "mentally disabled" as contemplated by the legislature. We decline to so hold. Thus, we must conclude that the trial judge erred when he enhanced the Defendant's sentence above the minimum of eight years based upon the victim's particular vulnerability because of mental disability.

We modify the Defendant's sentence to the statutorily mandated presumptive term of eight years. The concurrent sentence of three years for aggravated burglary is affirmed. This case is remanded to the trial court for a determination of the manner of service of the Defendant's sentences.

_____
DAVID H. WELLES, JUDGE

CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
THOMAS T. WOODALL, JUDGE