IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 3, 2018 at Jackson

**STATE OF TENNESSEE v. ANTHONY PENNY**

**Appeal from the Circuit Court for Montgomery County**
**No. 2016-CR-754    Jill Bartee Ayers, Judge**

————————————————————

**No. M2017-01151-CCA-R3-CD**

————————————————————

The defendant, Anthony Penny, pled guilty to three counts of aggravated sexual battery. The plea agreement provided for the defendant to be sentenced by the trial court with an agreement his sentences would be served concurrently. Following a sentencing hearing, the trial court imposed a sentence of ten years for each count to be served in confinement. On appeal, the defendant contends the trial court abused its discretion by failing to properly consider the purposes and principles of sentencing, by applying enhancement factor four, and by failing to properly consider certain mitigating factors under the "catch-all" provision of the statute. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Roger E. Nell, District Public Defender; and Shelby C. Silvey, Assistant Public Defender, for the appellant, Anthony Penny.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; John W. Carney, District Attorney General; and Kimberly Lund, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

The defendant was charged with three counts of aggravated sexual battery of his biological minor child. The State and the defendant agreed that the defendant would plead guilty to all three counts with sentencing to be determined by the trial court. The

State and the defendant further agreed the defendant's sentences would be served concurrently. A sentencing hearing was held on May 19, 2017.

During the sentencing hearing, the State introduced into evidence the presentence report and a victim impact letter written by the victim's mother. In her letter, the victim's mother stated the impact of the defendant's actions caused the victim to "inflict[] self-harm, not sleep[], and her once bubbly personality was changing before my eyes." She went on to note that "[t]he worst part about it is the horrendous acts of her own so-called father will haunt [the victim] the rest of her life. [The victim] will never be the same again." The victim hid the abuse from her family for a year during which time she would also object to visiting the defendant and her grandparents because, unknown to the victim's mother, the defendant would abuse the victim during those visits. During that year, the victim, who normally "enjoyed wearing bright colored clothing" and "wanted to stand out" and "be noticed," began wearing "multiple layers" of oversized dark long sleeved clothing and long pants. The victim even stopped wearing pajamas "because a lot of the abuse occurred at night and pajamas made access to her private parts easy for her abuser." To date, the victim still "wears long sleeves/long pants in an effort to avoid attracting unwanted attention due to [the defendant's] inappropriate comments and touching." The victim's mother concluded her letter stating,

> Before the sexual assault occurred, [the victim] was a more confident child, one who wanted to excel, to impress others. Now if she makes a mistake, or she doesn't do as well as she feels she should, she beats herself up, she cries, and sometimes she would self-hurt because of what she deemed as failure.

The defendant also made a statement during the sentencing hearing. The defendant expressed regret for the pain he caused the victim and the family. He also informed the trial court that he wished he "could go back and undo the damage I've caused. . . ." He expressed hope the victim would have the strength to put this behind her. Finally, the defendant stated, "I've done all this to myself and I have no one else to blame. . . . I fully admit to this and I am deeply ashamed and sorry for what I've done."

In sentencing the defendant, the trial court stated it considered the evidence presented during the sentencing hearing including, the presentence report, the victim impact statement from the victim's mother, the defendant's statement, and the arguments of counsel. The trial court also considered the "statistical information provided by the Administrative Office of the Courts." In reviewing the appropriate and applicable enhancement factors, the trial court found enhancement factors (4), the victim was particularly vulnerable due to age, and (14), the defendant abused a position of private trust, applied to the defendant. *See* Tenn. Code Ann. § 40-350-114 (4), (14). While the

trial court did not find any of the enumerated mitigating factors applicable, the trial court took into account the fact that the defendant entered an open plea "because [he] didn't want to put his daughter through the trial, and the [c]ourt certainly notes that." Finally, upon considering "the sentencing principles and all the factors in this case," the trial court imposed a sentence of ten years for each count. This timely appeal followed.

*Analysis*

The defendant contends the trial court, "having failed to properly apply the purposes and principles of sentencing, including misapplying an enhancement factor and failing to apply mitigating factors, abused its discretion in setting the length of [the defendant's] sentence at ten years." Specifically, he argues that the trial court erred in applying enhancement factor (4) and failed, under the catch-all factor (13), to mitigate the defendant's sentence based on his remorse, potential for rehabilitation, military service, and his willingness to plead guilty. The State argues the trial court sufficiently considered the purposes and principles of sentencing, articulated a basis for its decision, applied the appropriate mitigating and enhancement factors, and, therefore, did not abuse its discretion in imposing a sentence at the mid-point of the appropriate range. Upon our thorough review of the record and the arguments of the parties, we affirm the judgments imposed by the trial court.

The trial court has broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any enhancement and mitigating factors, have been properly addressed." *State v. Bise*, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *Id.* at 707. In *State v. Caudle*, our supreme court clarified that the "abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." 388 S.W.3d 273, 278-79 (Tenn. 2012).

Under the 2005 amendments to the Sentencing Act, trial courts are to consider the following factors when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;
(2) The presentence report;

- 3 -

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b).

The trial court must state on the record the factors it considered and the reasons for the ordered sentence. Tenn. Code Ann. § 40-35-210(e); *Bise*, 380 S.W.3d at 706. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence . . . should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

Whether a victim is "particularly vulnerable" for purposes of Tennessee Code Annotated section 40-35-114(4) is "a factual issue to be resolved by the trier of fact on a case by case basis." *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997); *State v. Adams*, 864 S.W.2d 31, 35 (Tenn. 1993). Use of the "particularly vulnerable" enhancement factor is appropriate in this case if the facts show that the vulnerabilities of the victim had some bearing on, or some logical connection to, "an inability to resist the crime, summon help, or testify at a later date." *Id.* (defining "vulnerability" under § 40-35-114(4)); *see also State v. Kissinger,* 922 S.W.2d 482, 487 (Tenn. 1996); *Adams*, 864 S.W.2d at 35. A victim's youth does not necessarily equate with vulnerability, however. *Poole*, 945 S.W.2d at 96; *Adams*, 864 S.W.2d at 35. The State is required to proffer evidence in addition to the victim's age to establish particular vulnerability; however, that evidence "need not be extensive." *Poole*, 945 S.W.2d at 97. Also, a court may consider the natural vulnerabilities attendant to the extreme ends of the aging spectrum by giving "additional weight . . . to the age of the victim in those cases where a victim is extremely young or old." *Id.*

While the trial court found enhancement factor (4) applicable to the defendant's case, the trial court failed to make any factual findings in support of its conclusion. Upon our review of the record, other than the victim's age, the record does not support a finding of particular vulnerability. As previously noted, "a victim's youth does not necessarily equate with vulnerability." *Id*. at 96. The record, therefore, does not support the trial court's application of enhancement factor (4).

The defendant also contends the trial court erred in not sufficiently mitigating his sentence under Tennessee Code Annotated section 40-35-113(13) (2003), the "catch-all" provision of the statute, based upon his potential for rehabilitation, his remorse, the fact he pled guilty, and his military service. Initially, we note the lack of proof supporting the defendant's potential for rehabilitation or his military service. While the presentence report classified the defendant as a moderate risk, the defendant offered no proof in support of that finding or how that finding should be credited towards him. Also, the presentence report mentioned the defendant's military service, but also mentions the fact the defendant failed to provide the required documentation to verify his service and the defendant failed to present any proof during the sentencing hearing. Moreover, the defendant failed to argue either of these points during the sentencing hearing. Therefore, we conclude the trial court acted within its discretion in refusing to mitigate the defendant's sentence on these grounds. *See State v. Barry Waters Rogers*, No. M1999-01358-CCA-R3-CD, 2000 WL 1336488, at *6 (Tenn. Crim. App. at Nashville, Sept. 15, 2000).

Regarding the defendant's claim that the trial court should have considered his remorse, we note that "genuine, sincere remorse is a proper mitigating factor." *State v. Williamson*, 919 S.W.2d 69, 83 (Tenn. Crim. App. 1995). However, a trial court must determine the credibility of a defendant's claims of remorse before the mitigating factor may be properly applied. *See State v. Graylin Burton*, No. M1999-01997-CCA-R3-PC, 2001 WL 166361, at *3 (Tenn. Crim. App. at Nashville, Feb. 16, 2001). The only proof offered concerning the defendant's remorse was his self-serving statements. Accordingly, we cannot conclude that the trial court abused its discretion in this regard. *See Rogers*, No. M1999-01358-CCA-R3-CD, 2000 WL 1336488, at *6. Finally, the trial court did take into account the fact the defendant pled guilty in order to save the victim the ordeal of going through a trial. Specifically, the trial court noted, "I do recall when he took the open plea that he did so because [he] didn't want to put his daughter through the trial, and the [c]ourt certainly notes that."

Upon our review of the record, we conclude the trial court did not abuse its discretion in sentencing appellant. The sentence is within the appropriate range, and the record demonstrates that it was otherwise in compliance with the purposes and principles of sentencing. Although the trial court misapplied enhancement factor (4) and failed to mitigate the defendant's sentence as much as the defendant contends it should have, the trial court properly applied factor (14), the defendant abused a position of private trust. We note that the Sentencing Act renders enhancing and mitigating factors merely "advisory" pursuant to the 2005 amendments. Tenn. Code Ann. §§ 40-035-114, -210(c). Moreover, as set forth above, the weighing of enhancing and mitigating factors is left to the sound discretion of the trial court. We conclude that the trial court did not abuse its

discretion by enhancing the defendant's sentences, nor do we find the length of the sentences excessive. The defendant is, therefore, not entitled to relief from his sentences.


_____

J. ROSS DYER, JUDGE